In the Matter of JAMES A. DELEHANTY, as Third Deputy Police Commissioner of the City of New York, Respondent. JOHN F. SULLIVAN, Appellant.

In the Matter of JAMES A. DELEHANTY, as Third Deputy Police Commissioner of the City of New York, Respondent. CHARLES GOUBEAUD, Appellant.

First Department, September 4, 1952.

*Herbert Edelhertz* of counsel (*Irving Mendelson,* attorney), for John F. Sullivan, appellant.

*Victor J. Herwitz* of counsel (*Seymour B. Quel* and *Milton Mollen* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for respondent in first proceeding.

*Sydney Rosenthal* of counsel (*Keal Kaufman* with him on the brief; *Sydney Rosenthal,* attorney), for Charles Goubeaud, appellant.

*Seymour B. Quel* of counsel (*Victor J. Herwitz* and *Milton Mollen* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for respondent in second proceeding.

*Per Curiam.* We find no disqualification of the third deputy police commissioner. The legal right to call the appellants as witnesses exists and their refusal to testify may be deemed a contempt.

Both of these appellants expressly deny claiming immunity upon the ground that their testimony might tend to incriminate them, but claim that they may not be compelled to testify because their testimony might subject them to a forfeiture by virtue of section 355 of the Civil Practice Act. Section 903 of the New York City Charter provides that public officers who refuse to testify at hearings and inquiries conducted by municipal boards or officers, upon the ground that their testimony may tend to incriminate them, lose their positions, as they would by virtue of section 6 of article I of the New York State Constitution if they refused to waive immunity before a grand jury. It would nullify the purpose and policy of section 903 of the New York City Charter if such officers could retain their positions, and at the same time avoid testifying upon the basis that their testimony might subject them to a forfeiture but not to criminal charges.

We recognize, as contended by appellants' counsel, that a trial of this nature on specific charges involving elements of criminality requires a fair judicial hearing. However, the argument in respect to the requisites of a fair trial in relation to the order of proof need not and cannot be passed upon at this time.

The orders appealed from should be affirmed. Upon the request of counsel for all parties, leave to appeal to the Court of Appeals is granted.

PECK, P. J., DORE, COHN, CALLAHAN and VAN VOORHIS, JJ., concur.

Order [in each proceeding] unanimously affirmed. Leave to appeal to the Court of Appeals granted.