Robert Doscher, J.
This is an action brought by plaintiffs (1) to declare invalid the action of the planning hoard approving a subdivision plot; (2) to declare any action taken by the village board in relation to the construction of a municipal sewer system in the said subdivision will be invalid; (3) for an injunction against all defendants, except the planning board, restraining any action with respect to the construction of a municipal sewer system; and (4) incidental relief. In the action, all parties move for summary judgment.
The first attack against the action of the planning board centers about the alleged failure of one of its members, William L. Lagani, to take the required oath of office (Public Officers Law, § 10). Mr. Lagani, prior to his reappointment for a five-year term commencing April 1, 1957, had served his village as a member of that board for some 19 years. There appears to be some dispute about whether he took and filed an oath for the new term. This dispute is not, in the opinion of the undersigned, material. Under section 5 of the Public Officers Law Mr. Lagani could “ hold over and continue to discharge the duties of his office, after the expiration of [his] term * * * until his successor shall be chosen and qualified ” (emphasis supplied). If he, as his own successor, did not qualify, he could still hold over. However, “ it is well settled * * * that the failure of (an) officer to take the prescribed oath of office will *176 not prevent him from discharging his duties (emphasis supplied; see Matter of Delehanty [Sullivan], 202 Misc. 33, affd. 280 App. Div. 542, affd. 304 N. Y. 725).
Plaintiffs next complain of the failure of the planning board to require monuments, etc. on the subdivision plot before approval. Section 179-1 of the Village Law provides that the planning board may waive the requirements upon the filing of a performance bond. Here, the bond was filed before final approval was granted. It may well be that the hearing, pursuant to notice, was held several months before the indorsement of approval was signed, but there is no requirement that the resolution of approval be adopted on the date of the hearing. As a matter of fact, the statute, section 179-h of the Village Law, contemplates otherwise. In the case at bar, the subdivision map was filed, as required, within 90 days after the indorsement of approval (Village Law, § 179-m).
If, as this court finds, the action of the planning board was valid, and the filing of the subdivision plot proper, the actions of the village in regard to sewers would be in conformity with powers granted to it (Village Law, § 89, subd. 6). It is only where a municipality’s contemplated actions are clearly without warrant of law that a court may interfere (Meth v. City of New York, 142 Misc. 203). There has been no such showing here.
Other questions have been raised by the parties to this action. To discuss them - all would unduly extend, without necessity therefor, this decision.
Motion of plaintiffs for summary judgment is denied. Cross motion of defendants for summary judgment is granted.
Settle order on notice.