**P. O. John FITZGERALD et al.,**
**Plaintiffs,**

**v.**

**Donald CAWLEY, as Police Commissioner of the City of New York,**
**Defendant.**

**No. 73 Civ. 5040.**

United States District Court,
S. D. New York.

Dec. 12, 1973.

Corso, Agulnick & Gogel, Brooklyn, N. Y., for plaintiffs; William A. Gogel, New York City, of counsel.

Norman Redlich, Corp. Counsel of the City of New York, New York City, for defendant; Donald J. Tobias, New York City, of counsel.

METZNER, District Judge:

Plaintiffs, who are New York City patrolmen, have moved for a preliminary injunction pursuant to Rule 65(a), Fed. R.Civ.P., enjoining defendant, the New York City Police Commissioner, from proceeding with a departmental trial as to these plaintiffs. The charges relate to an incident which occurred on March 19, 1972.

Plaintiffs' action seeks relief under 42 U.S.C. § 1983 and its jurisdictional mate, 28 U.S.C. § 1343, claiming violations of various constitutional rights arising out of the continuation of the departmental trial.

Plaintiff Shea is charged by the Police Department with wrongfully striking a suspect on the head twice with the butt of his revolver, and with failing to take several forms of "proper police action." Plaintiff Fitzgerald is charged with failing to notify police officials that during the course of the incident he discharged his revolver, and with wrongfully striking an individual in the face with his clenched fist. Finally, plaintiff Manzo is charged with being absent from his duty assignment without permission and with failing to

take "proper police action" in connection with the March 19 incident.

The charges and specifications were served on August 1, 1972. Each plaintiff entered a plea of not guilty. Thereafter trial before a police hearing officer was begun on October 12, 1972. After several adjournments, the trial continued on February 14 and March 15, 1973. On the latter date, a conference was held between the hearing officer and plaintiffs' counsel. At the conclusion of that conference, plaintiffs' counsel requested that the charges and specifications be referred back to the plaintiffs' unit commanders for "command discipline." Command discipline is a lesser form of disciplinary proceeding which does not result in a permanent entry on the patrolman's record and which has a maximum punishment of the loss of five days' vacation leave.

The hearing officer then indicated that he would refer the request to Deputy Inspector Voelker for the latter's recommendation. The trial was then adjourned until March 28, 1973, at which time the hearing officer expected a response from Voelker. No further appearances took place before the hearing officer. The response from Voelker was not forthcoming on March 28.

Plaintiffs claim that "[i]t is believed that penalties were assessed pursuant to command discipline." This allegation is found in the complaint verified by counsel. No other substantiation is offered by plaintiffs. Defendant denies that command discipline was imposed and submits a statement signed by Voelker dated June 14, 1973 to the effect that the matter "should be referred for Trial."

In the meantime, on April 28, 1973, Shea was arrested in Queens County for the much-publicized murder, in the course of his duties, of a small boy. During the last week in July 1973, the plaintiffs received notification that the original hearing would resume. They interpret this as withdrawing the command discipline which they claim had already been imposed.

An Article 78 proceeding was then commenced in the state Supreme Court to restrain the continuation of the trial, to dismiss the charges, and to refer the matter to the plaintiffs' unit commanders for command discipline. That proceeding was dismissed on September 26, 1973 by Justice Silverman because of the lack of finality in the administrative proceedings before the Commissioner. Thereafter an application for a stay of the trial pending appeal was denied by the Appellate Division, First Department. The instant action was then commenced.

■ Relying on Tang v. Appellate Division of the New York Supreme Court, 487 F.2d 138 (2d Cir. 1973), defendant argues that the instant case is barred by the doctrine of res judicata since plaintiffs have already presented their federal constitutional claims to the state courts, and have been denied relief. It is true that *Tang* reaffirmed earlier authority in this circuit and elsewhere that "a prior state court decision adjudicating federal constitutional questions is binding as *res judicata* in a subsequent federal action under § 1983." (At 142) However, that is not our case.

■ The state courts thus far have not made determinations on the merits of plaintiffs' constitutional claims. Justice Silverman's order of dismissal was not on the merits. The constitutional argument was first presented to the Appellate Division on a motion for a stay of the departmental trial pending appeal from Justice Silverman's order. The denial of that motion does not represent a final decision on the merits of plaintiffs' case, which have not as yet been passed upon by the state courts. Furthermore, this state of the record precludes the application of the views of Judge Mulligan in *Tang* concerning Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

■ Similarly, plaintiffs are not barred from seeking the instant injunction by the anti-injunction statute, 28 U.S.C. § 2283, since this is a suit

brought under Section 1983. Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). Nor are they barred by the doctrine of exhaustion of administrative remedies (Blanton v. State Univ. of New York, 489 F.2d 377 (2d Cir. 1973)), because (1) no such remedy is apparently available, and (2) the charges of bias and impartiality against the police department would make any such remedy fruitless. *See,* Gibson v. Berryhill, 411 U.S. 564, 574–575, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973).

■ Finally, Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), does not automatically foreclose the instant application since the proceeding in question is not criminal in nature. *See,* Application of Delehanty, 202 Misc. 33, 115 N.Y.S.2d 602, aff'd, 280 App. Div. 542, 115 N.Y.S.2d 614, aff'd, 304 N.Y. 725, 108 N.E.2d 46 (1952); *cf.,* Grabinger v. Conlisk, 320 F.Supp. 1213, 1218 (N.D.Ill.1970), aff'd, 455 F.2d 490 (7th Cir. 1972).

■ Turning to the merits, plaintiffs have failed to meet their burden for obtaining a preliminary injunction. In this circuit, the movant must demonstrate either a combination of probable success on the merits *and* a showing of irreparable harm if the relief is denied, or that he has raised serious questions going to the merits and the balance of hardships tips sharply in his favor. Pride v. Community School Board of Brooklyn, New York School District #18, 488 F.2d 321 (2d Cir. 1973); Gulf & Western Industries, Inc. v. The Great Atlantic & Pacific Tea Company, 476 F.2d 687, 692 (2d Cir. 1973).

■ Plaintiffs' constitutional claims are essentially five-fold. We shall consider them *seriatim.* First, they contend that the reinstitution of the departmental trial constitutes double jeopardy in violation of the Fourteenth Amendment. The double jeopardy clause is not applicable to the proceeding in question. The departmental trial is not a criminal prosecution to which the double jeopardy clause would apply. It is simply a disciplinary proceeding involving a public employee. *See,* Application of Delehanty, *supra*; Grabinger v. Conlisk, *supra*.

Plaintiffs' second claim, relating only to Shea, charges that his right against self-incrimination *might* be violated if the trial continues. He argues that, "Due to his pending criminal charges, he will be forced to attempt to invoke his privilege against self incrimination in the trial of the charges and specifications." Under police department rules, a hearing officer may order an accused to testify under the threat of further charges of insubordination. Shea claims that this potential occurrence violates his Fifth Amendment rights.

The subject of compelling police officers, and other public employees, to testify in various state proceedings upon threat of loss of job because of insubordination was considered by the Supreme Court in a trio of cases led by Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967). *See also,* Gardner v. Broderick, 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968); Sanitation Men v. Sanitation Comm'r, 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1089 (1968). Just last month, the Court stated in Lefkowitz v. Turley, 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973):

> "[T]his Court has only recently held that employees of the State do not forfeit their constitutional privilege and that they may be compelled to respond to questions about the performance of their duties but only if their answers cannot be used against them in subsequent criminal prosecutions." 414 U.S. at 79, 94 S.Ct. at 323.

■ Plaintiffs' third claim is that the decision to resume the trial some eighteen months after the alleged misconduct occurred has denied plaintiffs a speedy trial in violation of the Sixth Amendment. First, the speedy trial provision is only applicable to a "criminal

prosecution," which this is not. Secondly, the transcript of the March 1973 proceedings indicates that the matter was adjourned with the consent of all parties. Finally, plaintiffs claim that the span of delay between the date of the offense and the newly scheduled trial violates the defendant's own rules which call for trial without unreasonable delay. Even assuming a violation of these rules, this does not rise to the level of constitutional deprivation cognizable in a Section 1983 suit.

The fourth claim proffered by the plaintiffs is that by being forced to go ahead with the trial, they face the possibility of cruel and unusual punishment in violation of the Eighth Amendment. The maximum punishment upon conviction in a trial is dismissal from the police force. This is not within the proscription of the Amendment.

Finally, it is alleged that the plaintiffs are being coerced to plead nolo contendere to the charges under scrutiny in the departmental proceedings. The hearings have been progressing on pleas of not guilty. It is also alleged that because of the murder charge against Shea, the department is anxious to avoid appearing that it is "soft" on derelict police officers, especially ones who have been charged with the kind of misconduct we find here. In this regard, plaintiffs' counsel submits that he has been told that the departmental trial is a "hot potato" because of Shea's subsequent arrest and that the penalties to be imposed in this case would be "severe."

The nub of these allegations is that plaintiffs are being denied an impartial and unbiased trial. Obviously, such claims, if provable, would present a colorable claim under Section 1983 since implicit within the due process clause, which governs these disciplinary proceedings, is the requirement that any hearing be fair and impartial. *See generally,* Gibson v. Berryhill, 411 U.S. 564, 578–579, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973). However, at this stage of the litigation, plaintiffs' allegations are only conclusory and premature. If, after final determination, plaintiffs seek to urge this basis for relief, they are free to do so. However, even at that time the legal remedies of reinstatement and back pay are adequate to redress any wrong they may have suffered.

Similarly, plaintiffs' claim that they will be irreparably harmed since a finding of guilt at the trial will result in a permanent entry on their job folder, does not constitute irreparable harm. Any "blot" can be eradicated should the instant trial be deemed constitutionally defective.

Finally, we note that in determining the propriety of granting the requested injunction, consideration must be paid to the public's interest in not having individuals on the police force who are unfit for duty. That is the purpose of departmental proceedings. The plaintiffs are still in uniform and the alleged misconduct is particularly vicious. The public has an interest in seeing that these charges are expeditiously resolved one way or the other.

Since the plaintiffs have failed to meet the "heavy burden" imposed on those seeking a preliminary injunction (Citizens for a Better Environment, Inc. v. Nassau County, 488 F.2d 1353 at 1363 (2d Cir. 1973)), the motion is denied.

So ordered.