P. O. Joseph E. HANK and P. O. Gerald K. Smith, Plaintiffs,

v.

Michael CODD, as Police Commissioner of the City of New York, Defendant.

No. 75 Civ. 1726.

United States District Court,
S. D. New York.

April 28, 1975.

Harvey L. Greenberg, Brooklyn, N. Y., for plaintiffs.

W. Bernard Richland, Corp. Counsel of the City of New York, New York City, for defendant, by Donald M. Nussbaum, New York City, of counsel.

## MEMORANDUM

STEWART, District Judge:

Plaintiffs, two suspended members of the New York City Police Department, seek to enjoin a departmental hearing on charges that plaintiffs failed to answer questions relating to their official duties.

After plaintiffs were arrested on February 9, 1975, they were suspended from the Police Department, and indicted by a Queens grand jury on charges of burglary, grand larceny and official misconduct. On March 7, 1975, plaintiffs pleaded not guilty to departmental charges and specifications relating to the conduct charged in the indictment. The departmental trial on these charges was adjourned until termination of the criminal proceedings upon consent of both sides.

Thereafter, on March 21, 1975, plaintiffs were required to appear at the offices of

the Internal Affairs Division of the Police Department to answer questions relating to the performance of their official duties on February 9, 1975. Both plaintiffs refused to answer any questions which related to the subject matter of the pending indictment, pleading their fifth amendment privilege against self-incrimination. Plaintiffs were then scheduled to be tried on April 14 on charges of refusing to answer job-related questions on March 21 before the Internal Affairs Division to which charges they plead not guilty. The instant suit under 42 U.S.C. § 1983 was brought on by order to show cause on April 9. Oral argument was heard on April 14 and defendants agreed to postpone this departmental trial pending a decision by this Court.

Plaintiffs raise a number of arguments in support of their claim of privilege. They assert that the Police Department has no authority to grant them immunity and, in the alternative, that if the department does have such power, their compelled testimony under the facts of this case would be a violation of their fifth amendment privilege. On oral argument, plaintiffs raised the additional claim that the procedure in this case deprived them of their due process rights to a hearing. They contended that the department, by charging plaintiffs with failure to respond to questions concerning their official duties, was able to dismiss plaintiffs without the otherwise requisite hearing on the underlying charges.

■ We cannot agree with plaintiffs on any of these arguments. First, a contention identical to plaintiffs' that a New York City agency lacks authority to confer immunity was addressed by the court in *Uniformed Sanitation Men Ass'n v. Comm'r of Sanitation of New York*, 426 F.2d 619 (2d Cir. 1970). The court there held that while the City was not listed as a "competent

authority" under Section 619–c.4 of the New York Code of Criminal Procedure which authorizes the grant of transactional immunity, the City could nonetheless grant an employee use immunity, since Section 75 of the Civil Service Law (McKinney's 1973) provides for disciplinary proceedings against state and city employees. The court reasoned that use immunity which flows automatically from the Supreme Court's decision in *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967) whether offered or not, must have been considered by New York City.[1] It distinguished New York's grant of transactional immunity for compulsory testimony under pain of contempt from a grant of use immunity under penalty of dismissal for failure of an official to testify concerning official duties.

■ We next turn to the constitutional question. In *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), the Supreme Court determined the perimeters of the fifth amendment privilege against self-incrimination. The Court held that use and derivative use immunity, not transactional immunity, are the full extent of protection which is constitutionally required to compel testimony over a claim of privilege. *Kastigar* made clear that prosecutorial authorities are prohibited from using compelled testimony "in any respect (emphasis in original)," therefore insuring that "the testimony cannot lead to the infliction of criminal penalties on the witness." (406 U.S. at 453, 92 S.Ct. at 1661).[2] Accordingly, the offer of use immunity by the Police Department to plaintiffs here was sufficient to meet the constitutional requirements to overcome their assertion of privilege.

■ The law concerning the dismissal of a public official for failure to testify regarding his official duties has been fully set

1. Presumably, it was considered when the legislature determined who would be listed as a "competent authority" to confer transactional immunity.

2. In addition, we note that the question of federal prosecutions from such testimony was laid

to rest in *Murphy v. Waterfront Comm'n*, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964), where the Court held that the privilege protects state witnesses against incrimination under federal as well as state law.

forth by the Supreme Court in a series of cases. *Garrity v. New Jersey, supra*; *Gardner v. Broderick*, 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968); *Sanitation Men v. Sanitation Comm'r*, 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1089 (1968); and the Court's most recent opinion, *Lefkowitz v. Turley*, 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973). As the Court stated in *Lefkowitz*:

> given adequate immunity, the State may plainly insist that employees either answer questions under oath about the performance of their job or suffer the loss of employment.

414 U.S. at 84, 94 S.Ct. at 326. The police interrogation form, used in this case and known as "Police Department General Order 15," provides adequate immunity when it states, in relevant part:

> . . . if you refuse to testify or to answer questions relating to the performance of your official duties you will be subject to departmental charges which could result in your dismissal from the police department. If you do answer, neither your statements nor any information or evidence which is gained by reason of such statements can be used against you in any subsequent criminal proceeding.

This provision was read and explained to each of the two plaintiffs at the hearing in the presence of their counsel before each asserted the privilege. (See transcripts, plaintiffs' exhibits E–1 and E–2). Each understood that the failure to answer questions might well lead to their dismissal. ■ Finally, we cannot agree with plaintiffs that their due process rights have been violated by the procedures used in this case. While it is clear that these city employees are entitled to procedural due process when being dismissed, *cf. Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), we do not agree that proceeding against the plaintiffs for failure to answer questions concerning their official duties rather than proceeding on the substantive charges deprives plaintiffs of any due process rights. The Supreme Court has consistently found

that, "given adequate immunity," public officers such as plaintiffs here can be constitutionally required to answer questions regarding their duties under penalty of dismissal. If they choose not to answer the questions and are therefore dismissed from the police force without a departmental hearing on the underlying charges, that is a choice which they make themselves. They are free to answer the questions asked, receive use immunity regarding that testimony, and then be in a position to challenge the underlying departmental charges. In view of the Supreme Court's decisions in this area, we cannot find that any constitutionally impermissible procedures are being followed in the circumstances of this case.

For the reasons set forth above, we deny plaintiffs' motion for a preliminary injunction, finding that plaintiffs have not shown probable success on the merits, nor irreparable harm in denial of the relief. *Sonesta International Hotels Corp. v. Wellington Associates*, 483 F.2d 247, 250 (2d Cir. 1973). Finally, based upon the above analysis, we find that plaintiffs have failed to state a cause of action under 42 U.S.C. § 1983 and therefore dismiss the complaint. *See Clarke v. Starr*, 75 Civ. 655 (S.D.N.Y.1975) (Duffy, J.); *Fitzgerald v. Cawley*, 368 F.Supp. 677 (S.D.N.Y.1973).

SO ORDERED.