HON. DAVID G. RETCHLESS County Attorney, Ontario County
We acknowledge receipt of your letter inquiring whether your county commissioner of social services, county superintendent of highways and county attorney are required to take oaths of office when reappointed to new terms following the expiration of their former terms and you draw to our attention Public Officers Law §10, which requires public officers to take and file an oath of office; Public Officers Law § 30, subdivision 1, paragraph h, which provides that if an oath of office is not filed by a public officer in a timely manner, a vacancy in office is created; and Civil Service Law § 62, which provides for taking and filing an oath or filing a written statement before any person employed by the state or any of its civil divisions may enter upon the discharge of any of the duties of the employment (except employees in the labor class) and which also provides that such an oath or statement shall be required only upon original appointment or upon a new appointment upon interruption of continuous service, and shall not be required upon promotion, demotion, transfer or other change of title during the continued service of the employee or upon reinstatement of the employee. The divergent provisions of the Public Officers Law and the Civil Service Law have been in existence with very little change for a great number of years.
You point out in your letter that civil service classifications apply to the three functionaries you mentioned, which classifications are as follows:
County Commissioner of Social Services — non-competitive;
County Superintendent of Highways — competitive;
County Attorney — exempt.
All those who receive pay for services from the state or a municipal government are in the civil service. This holds true from the Governor of the state down to the lowest paid part-time municipal employee. Civil Service Law § 35 provides that the civil service of the state and each of its civil divisions shall be divided into the classified and unclassified service. That section then goes on to list the positions comprising the unclassified service, following which, Civil Service Law § 40
provides:
 "The classified service shall comprise all offices
and positions not included in the unclassified service. The offices and positions in the classified service of the state and of its civil divisions shall be divided into four classes, to be designated as the exempt class, the non-competitive class, the labor class, and the competitive class." (Emphasis supplied.)
The provisions in the Public Officers Law are necessitated by New York State Constitution Article XIII, § 1, and these provisions apply only to public officers whereas the provisions in the Civil Service Law § 62 apply only to employees.
In our opinion, classifications for civil service purposes are not relevant to whether a job holder is an officer or an employee; it is a statute or the nature of the services required to be rendered, and not the manner of selecting the job holder or the civil service classification assigned to the job, which determines whether the job holder is an officer or an employee; a county commissioner of social services is a public officer (County Law § 400, subdivision 4, paragraph b; Social Services Law § 116); a county superintendent of highways and a county attorney are public officers (County Law § 400, subdivision 4, paragraph a); because they are officers and the oath which an officer must take and file is the oath prescribed in Public Officers Law § 10, the failure to take and file a new oath of office upon reappointment following the expiration of their terms creates vacancies in office pursuant to Public Officers Law § 30, subdivision 1, paragraph h; and Civil Service Law § 62 does not apply to public officers.
The provisions of the Public Officers Law relating to oaths of office have been interpreted in such cases as: Application ofDelehanty, 202 Misc. 33, aff'd. 280 App. Div. 542, aff'd.304 N.Y. 725 (1952); Vescio v. City Manager of the City ofYonkers, 69 Misc.2d 68, aff'd. 41 A.D.2d 833 (1972); andWaters v. Connor, 11 Misc.2d 174 (1957). An informal opinion issued by this office, reported in 1975 Op. Atty. Gen. 247 (copy enclosed) also deals with this issue.