In the Matter of JOHN TANICO, Respondent, v ROBERT McGUIRE, as Commissioner of the Police Department of the City of New York, Appellant.

In the Matter of ANTHONY SALVATORE, Respondent, v ROBERT McGUIRE, as Commissioner of the Police Department of the City of New York, Appellant.

First Department, May 12, 1981

#### APPEARANCES OF COUNSEL

*Marjorie E. Bornes* of counsel *(Ronald E. Sternberg* with her on the brief; *Allen G. Schwartz, Corporation Counsel,* attorney), for appellant.

*Victor J. Herwitz* for respondents.

#### OPINION OF THE COURT

FEIN, J.

The Commissioner of the Police Department of the City of New York (Commissioner) appeals from so much of an order and judgment, Supreme Court, New York County (MERCORELLA, J.), entered May 8, 1980, as enjoined him

from requiring petitioners-respondents John Tanico and Anthony Salvatore (Tanico and Salvatore) to submit to interrogation pursuant to section 118-9 of the Police Department Patrol Guide.

Tanico, who initiated this proceeding, and Salvatore, who was permitted to intervene, are New York City police officers who were investigating and securing a front-break of a supermarket. They were allegedly observed removing two cases of beer from the store and placing them in their own cars. On the basis of a report of such activity they were suspended without pay for official misconduct. The department scheduled interrogation of Tanico and Salvatore pursuant to section 118-9 of the Patrol Guide which requires an officer to answer questions "specifically directed and narrowly related to official duties."

On September 26, 1979 Tanico's attorney requested an adjournment of the scheduled interrogation in order to research the applicable law. The request was denied and the questioning began. Tanico refused to answer on advice of counsel pending a one-week adjournment to complete his research. It is disputed whether the interrogation was then adjourned for rescheduling or was deemed concluded.

On September 27, 1979 Tanico and Salvatore were served with charges and specifications that Tanico in concert with Salvatore "did wrongfully take and remove a quantity of merchandise from said premises [the supermarket] and appropriate same for his own use." They were also furnished with appropriate directives and advice concerning procedures.

On September 28, 1979 Tanico and Salvatore were arraigned at the police department trial room and pleaded not guilty. The proceedings were adjourned to October 18 for trial.

On October 18, counsel for Tanico and Salvatore were supplied with discovery material and the proceedings were adjourned to November 2. On November 2 and November 12, Tanico and Salvatore and their attorneys appeared, ready for trial. On each date, the police department's prosecutor asked for an adjournment to afford Lieutenant Haggerty, the investigating officer, an opportunity to ques-

tion Tanico and Salvatore as to the facts, pursuant to section 118-9 of the Patrol Guide. Counsel for Tanico and Salvatore objected upon the ground that such an interrogation would be untimely in that the provisions of section 118-9 of the Patrol Guide did not authorize such an interrogation after charges had been served and filed. Counsel further objected that since Lieutenant Haggerty was the chief witness against Tanico and Salvatore, he should not, in any event, conduct the inquiry. The hearing officer reserved decision.

The matter was adjourned for further argument. Ultimately the hearing officer rendered a written opinion and decision directing Tanico and Salvatore to submit to further interrogation pursuant to section 118-9 of the Patrol Guide before proceeding with the trial. Tanico and Salvatore declined to do so and instituted this article 78 proceeding. They assert that (1) a Patrol Guide (§ 118-9) interrogation is not authorized after charges have been preferred and a hearing is pending; (2) even if authorized, the right to interrogation was waived under the circumstances of these cases; and (3) in any event such interrogation should not be conducted by the complainant and chief investigating officer.

Special Term denied the application of Tanico and Salvatore for reinstatement with back pay but granted their application to enjoin further interrogation pursuant to section 118-9 of the Patrol Guide, upon the ground that equitable considerations and the language of the Patrol Guide establish that such interrogation is only authorized prior to the service and filing of charges and specifications.

On the record before us we find that unless precluded by the filing and service of charges and specifications, there was no waiver of the right to conduct such interrogation prior to trial. Both the department and counsel for Tanico and Salvatore were responsible for the delay in conducting the interrogation and bringing the proceeding on for a hearing. Although we believe that it would be more appropriate for the interrogation to be conducted by an officer other than the complainant, we find no legal impediment to such procedure.

Thus, the sole issue on this appeal is the power of the Commissioner to conduct a Patrol Guide (§ 118-9) interrogation before trial after charges and specifications have been served and filed.

The interrogation was part of a pending administrative procedure. The determination to proceed with the interrogation was not final in the sense intended by CPLR article 78. The injunction sought by petitioners was for interlocutory relief during a pending administrative proceeding. The courts are not to interfere in such proceedings until a final determination has been made by the appropriate administrative agency (CPLR 7801; *Oleshko v New York State Liq. Auth.*, 29 AD2d 84, affd 21 NY2d 778; *Matter of Jerry v Board of Educ.*, 44 AD2d 198). As those cases conclude, full review of any irregularities may be obtained after conclusion of the administrative proceeding (see *Hank v Codd*, 424 F Supp 1086). However, in view of the disposition we now make we do not pass on the issue of finality and do not dismiss the proceeding as premature. Since there are constitutional implications involved in the procedure we deem it appropriate to deal with the issue on the merits at this juncture.

It is now clear that a public employee, if granted "use immunity", may be narrowly and specifically questioned about his official duties and dismissed from his position if he refuses to answer questions properly put to him *(Lefkowitz v Turley*, 414 US 70; *Gardner v Broderick*, 392 US 273; *Sanitation Men v Sanitation Comr.*, 392 US 280; *Garrity v New Jersey*, 385 US 493).

Since the use immunity so conferred is coextensive with the Fifth Amendment privilege, statements made by the employee cannot be used against him in a criminal prosecution *(Kastigar v United States*, 406 US 441). However, since disciplinary proceedings are not criminal actions, the employee's statements may be used against him in those proceedings *(Matter of Anonymous Attorneys*, 41 NY2d 506). An employee who refuses to answer may be discharged on that basis.

Section 118-9 of the Patrol Guide provides the procedure for conducting interrogations of New York City police offi-

cers who are either subjects of or witnesses in an official investigation. Pursuant to that section, a police officer is required to "[a]nswer questions specifically directed and narrowly related to official duties." Tanico and Salvatore do not challenge the right of the Commissioner to conduct such inquiry before the service of charges and specifications. Nor did Special Term. The point of departure is whether the right to conduct such interrogation survives the filing and service of charges. Section 118-9 of the Patrol Guide directs that charges and specifications be prepared within 48 hours after an officer's suspension. Obviously a rule prohibiting the department from conducting its interrogation after the charges are filed would severely limit the officer's opportunity to retain counsel as well as unduly interfere with the investigation by such counsel and the continued investigation by the department.

It is argued that once the charges are filed the officer should be in the same position as a criminal defendant who is protected from answering questions after an indictment is drawn. However, this overlooks the fact that a criminal defendant is always protected from self incrimination by the Fifth Amendment. This includes a police officer. However, as a public employee, the police officer is required by virtue of his office to answer questions narrowly relating to his duties and to account for his actions. As the cited cases hold, an employee subjected to such inquiry is immunized from criminal prosecution by reason of the grant of use immunity. Undoubtedly the better practice would be to conduct the interrogation prior to the preferment of charges. Although the language of section 118-9 of the Patrol Guide may be read to intend such order of priority, it is clearly not mandated. The interpretation of its own rules by the administrative agency is entitled to deference *(Matter of Condé Nast Pub. v State Tax Comm.*, 51 AD2d 17, app dsmd 39 NY2d 942). It violates no constitutional or other rights of the officer to subject him to such inquiry even after filing and service of the charges. Although his statements in such interrogation may be utilized in the administrative proceeding of which it is a part and may subject him to termination of employment, the inquiry is not barred *(Matter of Anonymous Attorneys, supra; Garrity v New Jersey,*

*supra*). Special Term was incorrect in enjoining the interrogation of Tanico and Salvatore.

The order and judgment, Supreme Court, New York County (MERCORELLA, J.), entered May 8, 1980 should be reversed, on the law, insofar as appealed from. So much of said order and judgment as enjoined the Commissioner from interrogating Tanico and Salvatore pursuant to section 118-9 of the Police Department Patrol Guide, should be vacated, without costs and without disbursements.

SANDLER, SULLIVAN and MARKEWICH, JJ., concur with FEIN, J.; KUPFERMAN, J. P., dissents and would affirm on the opinion of MERCORELLA, J., at Special Term.

Order and judgment (one paper), Supreme Court, New York County, entered on May 8, 1980, reversed, on the law and so much of the order and judgment as enjoined the Commissioner from interrogating the respondents pursuant to section 118-9 of the Police Department Patrol Guide, is vacated, without costs and without disbursements.