■ In the Matter of KENNETH J. DOMBROWSKI, Petitioner, v HOWARD SAFIR, as Police Commissioner of City of New York, et al., Respondents. [701 NYS2d 906] —Determination of respondent Police Commissioner dated October 7, 1997, which dismissed petitioner from his position as a New York City police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Beatrice Shainswit, J.], entered August 25, 1998), dismissed, without costs.

There is substantial evidence in the record to support respondent's determination that petitioner, although duly called upon to do so pursuant to the mandate of Patrol Guide § 118-9, refused to answer questions directly and narrowly relating to his official duties (see, Matter of Tanico v McGuire, 80 AD2d 297, 301), and, under the circumstances presented, the penalty of dismissal was appropriate. Although respondents have conceded that petitioner is entitled to 23 days of back pay, petitioner did not raise the back pay issue at the administrative level (cf., Matter of Chavis v Senkowski, 209 AD2d 765, lv denied 85 NY2d 805), and we therefore decline to address the back pay issue in this proceeding. We have considered petitioner's remaining arguments and find them unavailing. Concur—Sullivan, J. P., Williams, Mazzarelli, Wallach and Lerner, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SERRANO, Appellant. [701 NYS2d 906] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered December 22, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility and identification.

Defendant "was not denied due process by the prosecutor's withholding of his consent to a plea bargain offer to a lesser crime because of [the codefendant's] refusal to similarly plead guilty * * * The prosecutor is free to dictate the terms under which he or she will agree to consent to accept a guilty plea, and where such terms are not met, consent may be withheld" (People v Antonio, 176 AD2d 528, 529, lv denied 79 NY2d 824). Concur—Sullivan, J. P., Williams, Mazzarelli, Wallach and Lerner, JJ.