■ In the Matter of WILFREDO DELGADO, Petitioner, v BERNARD B. KERIK, as Police Commissioner of the City of New York, et al., Respondents. [741 NYS2d 860] —Determination of respondent Police Commissioner, dated June 12, 2000, dismissing petitioner from his position as a New York City police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Martin Shulman, J.], entered April 12, 2001), dismissed, without costs.

Respondents' determination that petitioner associated with persons known to the department to have engaged in criminal activities and provided false and misleading statements during official interviews is supported by substantial evidence (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443), which included transcripts of phone conversations between petitioner and two incarcerated individuals.

Petitioner was not denied meaningful representation at the official interview where, upon the advice of counsel, he refused to provide answers to questions relating to his official duties. "[A]s a public employee, the police officer is required by virtue of his office to answer questions narrowly relating to his duties and to account for his actions" (*Matter of Tanico v McGuire*, 80 AD2d 297, 301).

The penalty of dismissal is not so disproportionate to the offenses that petitioner was found to have committed as to shock our sense of fairness (*see, Matter of Trotta v Ward*, 77 NY2d 827). Concur—Mazzarelli, J.P., Sullivan, Ellerin, Wallach and Gonzalez, JJ.