Gerald Nolan, J.
In this proceeding to review a determination made by the respondent McMorran as New York State Superintendent of Public Works, respondents move to dismiss the amended petition, and for summary judgment, pursuant to rules 3211 and 3212 of the Civil Practice Law and Bules. A motion heretofore made to dismiss the original petition was granted on June 17, 1963 (39 Mise 2d 716), on the ground that the determination sought to be reviewed was legislative in character and consequently could not be reviewed in a proceeding under article 78 of the Civil Practice Act, which only authorized proceedings to review determinations made by bodies or officers exercising judicial, quasi-judicial, administrative or corporate functions (Civ. Prac. Act, § 1284) and on the further ground that petitioners had not alleged that any special injury or damage to their personal or property rights had resulted or would result from the determination complained of. The amended petition, which is the subject of the present motion, does not demand any relief different from that demanded in the original petition nor does it allege any additional acts on the part of the respondents which are claimed to be illegal, or from which relief is sought. It does assert additional facts with respect to the interest of the petitioners in property which petitioners claim will be damaged by the determination sought to be reviewed. The petition, whether it seeks the relief heretofore available in a certiorari or mandamus proceeding, still seeks the review of a determination, and in my opinion may not be maintained, either as a proceeding pursuant to article 78 of the Civil Practice Act, or its successor, article 78 of the Civil Practice Law and Bules. The provisions of section 1284 of the Civil Practice Act have not been included in the Civil Practice Law and Buies. Article 78 of the new law and rules, however, still authorizes only proceedings to obtain relief previously obtained by writs of certiorari to review, mandamus, or prohibition, and the Notes of the Advisory Committee indicate that section 1284 of the Civil Practice Act was omitted as unnecessary because its definitions added nothing to the sense of the first sentence of section 7801 of the Civil Practice Law and Buies. However, the fact that the proceeding may not be maintained under article 78 *213 does not require its dismissal. Since the court has obtained jurisdiction of the parties the proceeding may not be dismissed solely because it has not been brought in the proper form. The court may make whatever order is required for its prosecution (CPLR 103, subd. [c]). The petition sufficiently states a cause of action. The power of eminent domain resides in the Legislature, and may be exercised by the Legislature or delegated by the Legislature to public officers, and the questions to be determined in the selection of the land to be taken are legislative, no matter who may be charged with their decision (Rindge Co. v. Los Angeles, 262 U. S. 700; People v. Adirondack Ry. Co., 160 N. Y. 225). Nevertheless, the acts of the Superintendent of Public Works, even though he discharged a legislative function under authority delegated by the Legislature, are not immune from judicial review, if he has acted in excess of his authority or has not proceeded in the manner authorized by law (cf. Ontario Knitting Co. v. State of New York, 205 N. Y. 409; Society of New York Hosp. v. Johnson, 5 N Y 2d 102). Here, despite the proof submitted on this motion, there is at least one issue of fact which may not be summarily determined. Power to acquire by appropriation and to select the property to be acquired in the construction of highways as part of the Federal aid highway systems has been delegated by the Legislature to the Superintendent (Highway Law, §§ 29, 30, 81, 85). However, the Legislature has not authorized the Superintendent to delegate that power to the Federal Highway Administrator or to any other person or public official, and in the absence of such authorization he may not delegate it (cf. Ontario Knitting Co. v. State of New York, supra). Whether the delegated authority was exercised by the Superintendent in the manner authorized by law, as the Superintendent asserts, or whether it was surrendered to the Federal Highway Administrator, as contended by the petitioners may not be determined on consideration of the papers and proof submitted. Neither may respondents have judgment on the ground that claims asserted in the amended petition are barred by the four months’ Statute of Limitations prescribed by section 217 of the Civil Practice Law and Rules. The original pleading gave complete notice of the transactions or occurrences to be proved pursuant to the amended pleading (see CPLR 203, subd. [e]) and, as has been stated, the amended pleading asserts no remedy which was not sought by the original petition (cf. Harriss v. Tams, 258 N. Y. 229). Whether all of the petitioners have standing to sue may not be determined on this motion. It is sufficient to say that the papers and proof submitted do not establish their lack of standing, Neither may *214 petitioners have judgment on the ground that section 85 of the Highway Law contravenes section 16 of article III of the Constitution of the State of New York, either in letter or in spirit. Respondents’ motion is denied.
An order may be submitted accordingly, which may provide that the proceeding may be continued as an action for a declaratory judgment and injunctive relief, that the amended petition may be deemed the complaint, and that the defendants may answer within 10 days (CPLR 3211, subd. [f]).