■ In the Matter of JOHN MASTRANGELO et al., Respondents, v. STATE COUNCIL OF PARKS et al., Appellants, and ROBERT F. WAGNER, as Mayor of the City of New York, et al., Respondents.— In a proceeding under article 78 of the CPLR: (a) to review and annul determinations of the State Council of Parks and the State Conservation Commissioner which approved an application of the City of New York for State aid; (b) to prohibit the Comptroller of the State of New York from issuing a warrant for the requested aid; and (c) for other relief, the said State Council, Conservation Commissioner and Comptroller, by permission of the Supreme Court, Queens County, appeal from so much of the order of that court, dated April 15, 1964, as

denied their motion, pursuant to the CPLR (7804, subd. [f]), to dismiss the petition as insufficient in law. Order, insofar as appealed from, affirmed, without costs. The City of New York proposes to condemn petitioners' land which is industrial and commercial in character. Petitioners seek to prevent the State Comptroller from furnishing financial aid to the city under provisions of the Conservation Law (§§ 875–885; L. 1960, ch. 523) permitting such aid where the condemned land is predominantly open and natural. In their petition, the petitioners allege: (1) that the determination of the city to classify the land as suitable for acquisition under the Conservation Law was unreasonable, arbitrary and capricious; and (2) that the city's application for State aid was purposely falsified by altering it to show that there are 14 instead of 80 buildings on the property to be acquired. It is contended by the State and by the city (the latter appearing *amicus curiæ*) that petitioners have no standing to maintain this proceeding. In support of their contention, the State and the city rely primarily on two cases (*St. Clair* v. *Yonkers Raceway*, 13 N Y 2d 72; *Alabama Power Co.* v. *Ickes*, 302 U. S. 464). These cases are not controlling in the circumstances here. The petitioners, unlike the complainants in the *St. Clair* and similar cases, are directly affected by the actions of which they complain. They are not volunteers who have gratuitously taken it upon themselves to oversee the functions of government. Neither are they complaining, as in the *Alabama Power* case (*supra*), of the lawful use of money loaned improperly. They contend that the city's use of the money would be improper; they also allege bad faith. In *Alabama Power*, the Supreme Court expressly stated that a different case would be presented if conspiracy, fraud or malice were involved. Petitioners here allege that the challenged official acts are so infected. On the trial, if petitioners should succeed in proving their allegations, they can prevail (*Kaskel* v. *Impellitteri*, 306 N. Y. 73; see, also, *Matter of Brown* v. *McMorran*, 42 Misc 2d 211). Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur. [42 Misc 2d 650.]