■ In the Matter of JOHN MASTRANGELO et al., Appellants, v. STATE COUNCIL OF PARKS et al., Defendants, and ROBERT F. WAGNER as Mayor of the City of New York et al., Respondents.— In a proceeding under article 78 of the CPLR: (a) to enjoin the Board of Estimate and the Mayor of the City of New York from taking any steps under the Park and Recreation Land Acquisition Act (Conservation Law, §§ 875–885; L. 1960, ch. 523) in connection with the condemnation of the lands that are the subject of the park layout map No. 4236; (b) to annul the determinations of the City Planning Commission, Director of the Budget, Board of Estimate and Council of the City of New York approving the said map No. 4236, and to direct the Board of Estimate and City Planning Commission to de-map the said lands so as to remove the proposed acquisition for alleged park purposes; (c) to declare that the subject

lands did not qualify for State aid pursuant to the Park and Recreation Land Acquisition Act; and (d) for other relief, the petitioners appeal from so much of an order of the Supreme Court, Queens County, dated April 15, 1964, as granted the motion of the respondents Wagner et al., comprising officials and agencies of the City of New York, to dismiss the petition as insufficient in law (see 42 Misc 2d 650). Order, insofar as appealed from, reversed, without costs, and motion denied. The time of the said respondents to answer the petition is extended until 30 days after entry of the order hereon. The Park and Recreation Land Acquisition Act provides, *inter alia,* for an expenditure of $17,000,000 for State aid in the amount of 75% of the cost of acquisition of land for parks by the City of New York (Conservation Law, § 1-0706). In order to be eligible for the grant of State aid, lands acquired by a municipality must consist of "predominantly open or natural lands" and must meet certain other standards not here material (Conservation Law, § 1-0708). The act provides that the manner of acquisition is to be as follows: "3. Lands *approved by the governing body of a municipality,* and approved by the [Conservation] Commissioner on the recommendation of the [State] Council [of Parks] * * * *for acquisition by such municipality with the aid funds made available by this title for municipal park purposes,* shall be acquired by purchase or agreement or by condemnation in the manner provided by law for the acquisition of lands for public purposes by such municipality" (Conservation Law, § 1-0707, subd. 3). (Emphasis supplied.) Notwithstanding that the City of New York possesses broad powers for the acquisition of lands for park purposes independent of the Park and Recreation Land Acquisition Act (New York City Charter, § 381; Administrative Code of City of New York, tit. B), nevertheless where, as here, the city proceeds to acquire park land with State aid pursuant to the said act, it must conform to the requirements of the said act. The act requires approval by the governing body of the municipality — here the City Council — not merely of lands generally desirable for park purposes, but of lands suitable for acquisition with State aid funds pursuant to the Park and Recreation Land Acquisition Act. By implication, in our opinion, the municipality must first determine whether the lands to be acquired "consist of predominantly open or natural lands". The fact that the State officials must subsequently make the same determination does not, in our opinion, relieve the municipality from making such determination in the first instance. The petition herein alleges facts from which it may be inferred: (a) that the City of New York proceeded pursuant to the Park and Recreation Land Acquisition Act to acquire the subject property, owned by petitioners and others whom they represent, for an addition to Flushing Meadow Park; (b) that in the course of the proceedings it was determined that the lands were predominantly open or natural and did qualify for State aid pursuant to the said act; and (c) that, on this basis, the City Council ultimately approved the lands for acquisition with the State aid funds made available by the said act. The petition further alleges that the lands "could in no plausible or reasonable manner be considered predominantly open or natural" inasmuch as they were "completely developed and subdivided, fully utilized by commercial and industrial enterprises of various kinds and substantially and predominantly improved by numerous and costly buildings and other structures"; and that, therefore, the determinations of the City Council and the other city agencies were "arbitrary, capricious," etc. In our opinion a cause of action is stated. The action of the City Council, even though it discharged a legislative function under authority delegated by the Legislature, is not immune from judicial review, if it has acted in excess of its authority or has not proceeded in the manner authorized by law (*Matter of Brown* v. *McMorran,* 42 Misc 2d 211, 213; cf. *Ontario Knitting Co.* v. *State of New York,*

205 N. Y. 409; *Matter of County of Ulster* v. *State Dept. of Public Works*, 211 App. Div. 629, affd. 240 N. Y. 647). If, as alleged in the petition, the subject lands could in no plausible or reasonable manner be considered predominantly open or natural, then the Council's approval of the lands for acquisition pursuant to the Park and Recreation Land Acquisition Act was unlawful and petitioners would be entitled to judgment (*Stahl Soap Corp.* v. *City of New York*, 5 N Y 2d 200) at least for declaratory relief (*Matter of Brown* v. *McMorran*, *supra*, pp. 212–213). (For decision at Special Term, see 42 Misc 2d 650; for prior related appeal by the State officials, see *Matter of Mastrangelo* v. *State Council of Parks*, 21 A D 2d 879.) Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.