D. Ormonde Ritchie, J.
By the service of a notice of petition and a petition setting forth what are labelled as (1) a cause of action for an injunction; (2) a cause of action for a declaratory judgment in a class action and (3) a judgment in the nature of mandamus pursuant to article 78 of the CPLR, the petitioners have instituted civil judicial proceedings in which are joined as parties respondents, the Town Board of the Town of Babylon (hereinafter referred to as the Town Board) and the Board of Fire Commissioners of the Deer Park Fire District (hereinafter referred to as the Fire District). In the same proceedings, the petitioners couple their demands for final relief with a demand for an injunction pendente Ute.
The gravamen of the first cause of action is that the respondent Town Board, by the payment of funds raised by taxation to the respondent Fire District required for its operation and maintenance, has condoned alleged discriminatory practices by the Fire District, stemming from rules and regulations adopted by the Fire District fixing membership requirements in the district fire department in violation of the rights of petitioners. The second cause of action seeks a declaratory judgment declaring the actions of respondents discriminatory against petitioners by virtue of denying petitioners membership in the district fire department. The third cause of action charges the respondents with failure to perform duties enjoined upon them by statute to secure rights guaranteed petitioners by law and demands judgment directing respondents to perform those duties.
By motions directed to the petition, both respondents seek its dismissal upon the ground that it fails to state facts sufficient to warrant granting the relief sought. In addition, respondents attack the proceeding, citing procedural defects in its initiation that preclude it from being considered either as a special proceeding or as an action.
Statutes governing the formation, operation and management of fire districts fix their status as distinct entities not subject to supervision of their internal affairs by municipal authorities governing the areas in which fire districts are established. The districts establish their own budgets for operation and maintenance and the funds allocated and collected for such operation and maintenance are under the exclusive control of the commissioners of the fire districts. The fact that the funds are collected by municipal agencies does not operate to vest municipal *473 authorities with control or jurisdiction thereof. Their collection by municipal agencies is mandated by statute and when collected, the funds are directed by statute to be paid over to the fire districts for expenditure in maintenance and control. Applicable statutes preclude municipal authorities from interfering with budgets adopted by fire districts for their operation and maintenance and do not permit the withholding of funds collected for such budgets (see Town Law, §§ 112, 113, 181).
For the reasons stated the petition fails to state a cause of action against the Town Board of the Town of Babylon, and accordingly, its motion for dismissal of the petition is granted.
Since the inception of CPLR, procedural defects in the initiation of civil judicial proceedings or the incorrect designation of civil judicial proceedings as actions or proceedings no longer permit dismissal (CPLR 103, subd. [c]; Matter of Brown v. McMorran, 42 Misc 2d 211). If the court has jurisdiction of the parties and the pleadings state a ground for relief, the court is authorized to cure the defects as may be required by order of the court to retain jurisdiction of the proceeding and to afford the parties a speedy determination of their grievances without incurring further expense by compelling recommencement of the proceedings after dismissal for technical defects.
The motion made by the Fire District concedes the truth of the material allegations of petitioners’ pleading directed to the alleged grievances of petitioners predicated upon practices charged against the respondent Fire District. Relief may be warranted if such charges are sustained by competent proof.
The motion of the Board of Fire Commissioners of the Deer Park Fire District is denied.
The order to be submitted on the motion of the Fire District will provide that the proceeding be continued as an action for declaratory judgment and injunctive relief and that petitioners ’ pleading be deemed a complaint to which the Fire District is granted 10 days to answer after service of a copy of the order to be entered hereon with notice of entry, unless such answer has heretofore been served.
The preliminary injunction sought on petitioners’ application is denied.