■ GEORGE LESSLER et al., Respondents, v SUFFOLK COUNTY CLASSIFICATION AND SALARY APPEALS BOARD et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the Suffolk County Classification and Salary Appeals Board, the Suffolk County Department of Civil Service, and the County of Suffolk to hear and determine petitioners' appeal regarding the salary upgrading of Deputy Sheriffs grades I through IV, the appeal is from a judgment of the Supreme Court, Suffolk County, entered June 7, 1978, which granted the petition and directed that the appeal be heard. Judgment affirmed, with $50 costs and disbursements. After a delay of almost one and one-half years, petitioners were informed by the Suffolk County Classification and Salary Appeals Board (the board) that their request for a hearing before the board to upgrade their salaries was being denied because a clause in the new collective bargaining agreement limited such appeals to groups of 50 persons or less. It is undisputed that petitioners' group consists of more than 50 persons. Petitioners first requested the hearing in January of 1976. At that time, no collective bargaining agreement was in force, the prior contract having expired on December 31, 1975. After various unsuccessful attempts at negotiations, an impasse was declared. Pursuant to section 209 (subd 3, par [e], cl [iv]) of the Civil Service Law, the Suffolk County Legislature passed a resolution, No. 816-1976, which authorized the county executive to enter into a contract with the employees' bargaining representative, based upon the recommendations of a legislative subcommittee. The subcommittee recommendations included the 50-person limit on appeals to the board. The resolution was initially disapproved by the Suffolk County Executive, but was later adopted in November, 1976 over the county executive's veto. The terms and conditions of the resolution were to be retroactive to January 1, 1976. The question on this appeal concerns the issue of whether the terms and conditions of employment as set forth and incorporated in Resolution No. 816-1976 were ever made binding on the parties. If such terms did exist in 1976, then the board would not have had the power to entertain the petitioners' appeal because of the 50-person limitation. However, if the terms were never given force and effect, there is no reason for the board to refuse to hear the appeal. Special Term concluded that no contract existed for 1976, and granted the petition. We agree. At the outset, we note that section 209 of the Civil Service Law gives the county legislature the *power* to resolve an impasse in collective bargaining negotiations between the county and its employees. It does not mandate that this be done, however. Resolution No. 816-1976 was, by its very terms, a permissive resolution, *authorizing* (but not requiring) the county executive to enter into a contract with the union, on the terms and conditions set forth by the legislative subcommittee and incorporated in the resolution. It is undisputed that John V. N. Klein, the then county executive, never did execute such an agreement with the petitioners' union. In fact, another resolution, No. 113-1977, was passed shortly afterwards, in February of 1977, authorizing the county executive to enter into a contract with the union based upon a new memorandum of agreement. This new memorandum (which was eventually executed by the parties), incorporated the terms of the 1975 contract, except as modified in the memorandum. The

record establishes that no contract existed in 1976. Without formal execution of such a contract by the county executive, Resolution No. 816-1976 was, by its very terms, without force and effect. We thus conclude that no limitation existed as to the number of persons who could petition the board in 1976, and, therefore, petitioners' application for a hearing was erroneously denied. Accordingly, we affirm Special Term's judgment. We have considered the county's other contentions and have found them to be without merit. Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.