OPINION OF THE COURT
Ira Gammerman, J.
This is an application by petitioner for a writ of prohibition enjoining respondents from invoking the provisions of section 209 (subd 3, par [e], cl iv) of the Civil Service Law.
Petitioner (hereinafter referred to as the Union) is a collective bargaining representative of employees of respondent, Triborough Bridge and Tunnel Authority (hereinafter referred to as the “TBTA”). In connection with the expiration of their collective bargaining agreement on December 31,1979, the Union and TBTA attempted unsuccessfully to negotiate a new collective bargaining agreement. *927 Pursuant to the provisions of the Public Employees’ Fair Employment Act (Civil Service Law, art 14), the matter was presented to a fact finder, Dr. Arthur Jacobs, to whom the contentions and positions of each party were presented. On March 21, 1980, Dr. Jacobs rendered his report and recommendations. Thereafter, the parties used this report as a basis for further negotiations and reached a tentative agreement on April 4, 1980, which was executed by their respective representatives. The agreement expressly provided that it was subject to ratification by the respondents’ board and by the membership of the Union.
The Union membership voted for ratification. The TBTA board, however, on the recommendations of respondents Ravitch (chairman of TBTA) and Simpson (executive director of TBTA) disapproved the agreement negotiated on its behalf. Following that disapproval, the TBTA board took the position that it had the right to have the collective bargaining agreement determined by a legislative committee made up of members of the TBTA board (Civil Service Law, § 209, subd 3, par [e]), and sent out notices to that effect. Petitioner now seeks to enjoin respondents from submitting the matter to such legislative committee, claiming, inter alla, that respondents waived their right to do so and that their attempted exercise of that right is untimely. Section 209 (subd 3, par [e]) of the Civil Service Law expressly provides: “should either the public employer or the employee organization not accept in whole or in part, the recommendations of the fact-finding board, (i) the chief executive officer of the government involved shall, within ten days after receipt of the finding of fact and recommendations of the fact-finding board, submit to the legislative body of the government involved a copy of the findings of fact and recommendations of the fact-finding board, together with his recommendations for settling the dispute” (emphasis added). Neither side has submitted any legal authority or precedent as to the effect of the 10-day time limitation contained in the act. It would seem to the court that the Legislature intended this short period of limitation to spur the parties to engage in prompt further negotiations aimed at reaching an amicable accord or acceptance or rejection of the fact finder’s recommendations.
*928 For TETA to avail itself of the unusual right to, in effect, impose a collective bargaining agreement on the Union, it must strictly comply with the terms of the statute. Respondents, having failed to proceed to the legislative body within 10 days after receipt of the fact finder’s report, may not now escape the literal language of the statute. Having chosen to chart their own procedural course, respondents cannot now be heard to complain that the destination to which it has led them is not to their liking (see Stevenson v News Syndicate Co., 302 NY 81, 87).
The extraordinary remedy of prohibition lies only where there is a clear legal right and only when the body or officer acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction (Matter of Steingut v Gold, 42 NY2d 311, 315; Matter of State of New York v King, 36 NY2d 59, 62). Under the circumstances, petitioner has made a sufficient showing that respondents threaten to exceed their authority by convening the legislative committee tó impose a collective bargaining agreement, notwithstanding the fact that they failed to reject the fact finder’s report within the 10-day period required by the statute and proceeded to negotiate an agreement.
The preliminary injunction sought by petitioner is therefore granted. Respondents are enjoined pendente lite from conducting a legislative hearing pursuant to section 209 (subd 3, par [e], cl iv) of the Civil Service Law.
The matter is set down for trial in Special Term, Part I, on August 20, 1980.