In the Matter of COUNTY OF NIAGARA, Respondent, v HAROLD R. NEWMAN et al., Constituting the Public Employment Relations Board, et al., Appellants.

Fourth Department, November 7, 1984

### APPEARANCES OF COUNSEL

*Martin L. Barr* (*Jerome Thier* of counsel), for Public Employment Relations Board, appellant.

*Roemer & Featherstonhaugh, P. C.* (*Stephen Wiley* and *Pauline Rogers Kinsella* of counsel), for Civil Service Employees Association, Inc., Local 832, appellant.

*Glenn S. Hackett* (*Vincent R. Ginestre* of counsel), for respondent.

*Plunkett & Jaffe, P. C.* (*Ronald A. Longo* of counsel), for New York State Public Employment Labor Relations Association, *amicus curiae.*

### OPINION OF THE COURT

DOERR, J.

Section 209 of the Civil Service Law provides for detailed procedural steps to be followed in the resolution of disputes between public employers and their employees in the course of collective negotiations. Critical in the resolution of this case is the interplay between section 209 of the Civil Service Law, which grants the legislative body unilateral power to resolve the impasse, and section 209-a of the Civil Service Law, which requires the employer to keep in effect the terms of an expired agreement until a new agreement is negotiated.

The facts in the instant case are not in dispute and may be simply stated. The 1980-1981 collective bargaining agreement between the Civil Service Employees Association (CSEA) and the County of Niagara was due to expire on December 31, 1981. Negotiations for a new contract commenced in September, 1981 but were unsuccessful. An impasse was declared and the parties proceeded to attempt resolution under the procedures set forth in section 209 of the Civil Service Law. After attempts at resolution had been exhausted, the Niagara County Legislature passed a resolution which decided the impasse. This resolution, while granting a certain pay increase, also deprived the employees of certain benefits and rights which they enjoyed under the prior agreement. The resolution was passed on August 3, 1982.

Respondent CSEA thereupon filed an improper employer practice charge with the Public Employment Relations Board

(PERB) claiming that the legislative resolution changed the terms of the expired agreement in contravention of section 209-a of the Civil Service Law, a newly enacted amendment to article 14 of the Civil Service Law. After the hearing officer heard the complaint, he determined that the terms of the expired agreement need only apply up to the time that the public employer resolved the impasse (i.e., the legislative resolution which imposed a new contract on the employees). On review, PERB disagreed, finding that the expired agreement was entitled to full recognition "until a new agreement is negotiated". The county commenced a CPLR article 78 proceeding to review PERB's determination, and Special Term agreed with the result reached by the hearing officer finding that PERB's interpretation of the statute was erroneous and arbitrary (122 Misc 2d 749). We reverse.

Section 209 of the Civil Service Law spells out elaborate procedures for resolving an impasse in negotiations, including appointment of a mediator and a fact-finding board; publication of those findings; recommendations by PERB; and, finally, public hearings. If the impasse continues, then "the legislative body shall take such action as it deems to be in the public interest, including the interest of the public employees involved" (Civil Service Law, § 209, subd 3, par [e], cl [iv]). Section 209 thus gives the County Legislature the power to resolve the impasse by unilaterally imposing the terms and conditions of employment (*Lessler v Suffolk County Classification & Salary Appeals Bd.,* 74 AD2d 842).

In 1982, the Legislature adopted an amendment to section 209-a of the Civil Service Law. The amendment provides that it shall be an improper labor practice for a public employer "to refuse to continue all the terms of an expired agreement until a new agreement is negotiated" (Civil Service Law, § 209-a, subd 1, par [e]). This is the so-called Triborough Amendment, named after the PERB decision prohibiting a public employer from unilaterally altering the terms and conditions of employment during the course of negotiations (*Matter of Triborough Bridge & Tunnel Auth.,* 5 PERB par 3037).

The issue before us is whether the amendment applies until that point in time at which a new agreement is negotiated or whether the amendment applies only until the impasse is unilaterally resolved by the Legislature. We find no support for the latter interpretation.

We note, first, that the simple language of the statute supports this construction. The amendment provides that the duty

exists "until a new agreement is negotiated". Resolving an impasse by legislative action is not the same as negotiating an agreement (see Civil Service Law, § 201, subd 12).

Besides lacking any support in the plain reading of the statute, the county's interpretation overlooks the fact that there was a bill before the Legislature which would have achieved the county's interpretation of section 209-a of the Civil Service Law. The Legislature declined to adopt such bill. The Triborough Amendment was initially adopted in the spring of 1982 (L 1982, ch 868, § 1). The Governor approved the bill, but submitted a memorandum noting that the amendment should be clarified to provide that the terms of an expired collective bargaining agreement should continue only until a new agreement is negotiated "or negotiations are resolved pursuant to the procedures established in section two hundred nine" (McKinney's Session Laws of NY, 1982, pp 2631, 2632). A bill was then introduced at an extraordinary session of the Legislature so providing. This bill failed passage and section 209-a of the Civil Service Law was amended in its present form (L 1982, ch 921, § 1).*

We conclude, therefore, that in resolving an impasse pursuant to section 209 of the Civil Service Law, the legislative body is precluded by the Triborough Amendment from imposing a settlement which diminishes employee rights under an expired collective bargaining agreement.

To hold otherwise would ignore the public policy and purpose of the Taylor Law "to promote harmonious and cooperative relationships between government and its employees and to protect the public by assuring * * * the orderly and uninterrupted operations and functions of government" (Civil Service Law, § 200). The power of the Legislature to resolve negotiations unilaterally gives the public employer a decided edge in negotiations. Nevertheless, this power is deemed necessary in the interests of concluding negotiations, particularly since public employees do not enjoy the right to strike as do employees in the private sector. Some means of resolving an impasse is, therefore, necessary. As a limitation on the legislative body, however, section 209-a grants some measure of protection to employees,

---

* The Governor's approval memo suggested two proposed revisions, one limiting the amendment until such time as negotiations are resolved pursuant to impasse procedures, and the other making the amendment inapplicable if the employees engaged in a strike. A bill was introduced which would accomplish both objectives. A second version of the bill was introduced, retaining the provision with respect to strikes, but deleting the language which would have made the amendment inapplicable after the impasse was resolved by the Legislature. The second version of the bill was passed.

who will at least be assured of maintenance of the *status quo* until a new agreement is negotiated.

We find our construction to be supported by the clear language of the statute, the legislative history, and the purpose of the Taylor Law. Accordingly, the judgment should be reversed and the petition should be dismissed.

DILLON, P. J., CALLAHAN, BOOMER and MOULE, JJ., concur.

Judgment unanimously reversed, on the law, without costs, and petition dismissed.