OPINION OF THE COURT
Joseph J. Sedita, J.
This CPLR article 78 proceeding seeks to have this court validate a certain resolution of the Common Council of the City of Buffalo, and direct the executive branch of city government to comply with that resolution. The Corporation Counsel of the city has argued that this court lacks subject matter jurisdiction because the case involves an improper labor practice claim which is within the exclusive jurisdiction of the Public Employment Relations Board (PERB) (Civil Service Law § 205 [5] [d]). The issues raised on these motions appear to present a case of the first impression.
*366 On July 1, 1982 the union herein and the city entered into a collective bargaining agreement which provided, in part, for medical and dental coverage. This agreement expired on June 30, 1984 and the union and the city have been unable to reach an agreement on the terms of a new contract.
Being unable to resolve their difference, the city and the union proceeded to fact finding pursuant to Civil Service Law § 209 (3) (e). The fact finder’s recommendations favored the city’s proposals for changes in the medical and dental coverage, but these recommendations were rejected by the union.
On January 14, 1985, pursuant to Civil Service Law § 209 (3) (c), the Common Council unilaterally imposed a settlement of the parties negotiating impasse. This resolution continued much of the prior contract but modified the medical and dental provisions in line with the fact finder’s recommendations.
Subsequent to this resolution, the Common Council was advised by counsel for the union that its January 14 resolution violated Civil Service Law § 209-a (1) (e), which made it an improper practice for a public employer "to refuse to continue all the terms of an expired agreement until a new agreement is negotiated”. (See, Matter of County of Niagara v Newman, 104 AD2d 1.)
On March 5, 1985, in an effort to conform to the requirements of State law, the Common Council rescinded its January 14 resolution and adopted a new imposed settlement which was in compliance with State law.
The executive branch of city government refused to recognize the validity of the action of the Common Council on March 5, and advised the Council that it only recognized the January 14 resolution as a valid exercise of the Council’s statutory responsibility under Civil Service Law § 209 (3) (e).
On March 11, 1985 the union filed an improper practice charge with PERB against the city and amended that charge on April 12, 1985.
These events set the stage for the issues now before this court.
The Public Employment Relations Board (PERB) is the primary instrumentality created under the "Public Employees’ Fair Employment Act” (Civil Service Law art 14) for resolving conflicts between public employees and local governments. Local governments like any human organization must constantly resolve conflicts between the ideas or desires of *367 individual members or departments and a determination of the corporate will. Public employee unions bargain with the municipality as a corporate unit. The Mayor cannot agree to higher salaries without the consent of the legislative body, and the legislative body needs an executive branch to implement its determinations. The system of checks and balances inherent in most local government structures insures that all parts of the government structure are reflected in an act of the corporate entity. It shall be our position that a review of the internal workings of the municipal body is a proper subject for review by this court. The external relationship between the municipal body and the employee’s union is properly within the exclusive jurisdiction of PERB.
PERB finds itself in an awkward position. In this dispute "the city” has not taken a position. The Mayor and executive branch have interpreted the law in one way and the Common Council has interpreted the law in another way. Each branch of city government has taken a position but "the city” has no unified position. Where there is a dispute over the internal statutory powers of a duly constituted branch of municipal government, the final arbiter must be the courts. (2 McQuillin, Municipal Corporations § 10.37 [3d ed]; Matter of Mastrangelo v State Council of Parks, 22 AD2d 947, appeal withdrawn 16 NY2d 540; Matter of Barile v City Comptroller of City of Utica, 56 Misc 2d 190.)
Civil Service Law § 205 (5) (d) grants PERB exclusive jurisdiction over claims of improper labor practices by the city. But, this does not mean the PERB is given the jurisdiction to determine which branch of the municipal government represents the municipality. That determination is within the jurisdiction of appropriate State courts.
Having resolved the jurisdictional issue, we reach the merits of the controversy presented by this proceeding.
The issue becomes whether or not the Common Council had the authority under Civil Service Law § 209 (3) (e) to rescind its earlier determination and correct an alleged error in the previous resolution. The Corporation Counsel has argued for a narrow interpretation of this grant of power. This interpretation would allow the Council to act only once under this section without power to later modify or correct errors.
Let’s examine the language of this section to see if such a restrictive interpretation is warranted. The applicable subsection states: "[Thereafter, the legislative body shall take such *368 action as it deems to be in the public interest, including the interest of the public employees involved”. (Civil Service Law § 209 [3] [e].)
What is obvious from a reading of this language is that this is a very broad grant of power with no specific limits placed on the exercise of that power. Section 114 of the rules for the interpretation of statutes (McKinney’s Cons Laws of NY, Book 1, Statutes § 114) states that "If there is nothing to indicate a contrary intent on the part of the lawmakers, terms of general import in a statute ordinarily are to receive their full significance.”
Where the Legislature makes a general grant of authority to local governments, the manner in which that authority is exercised is generally left to the municipality. (See, 2 McQuillin, Municipal Corporations § 10.34 [3d ed]; 39 NY Jur, Municipal Corporations § 195; People ex rel. Werner v Walsh, 212 App Div 635, affd 240 NY 689; Matter of Spano v Close, 266 App Div 1023.)
Legislative acts are considered presumptively valid under New York law. (Trio Distrib. Corp. v City of Albany, 2 AD2d 326, revd 2 NY2d 690; Grimm v City of Troy, 60 Misc 2d 579.)
It is only when a municipality’s actions are clearly without warrant of law that a court may interfere. (Waters v Connor, 11 Misc 2d 174.)
This general grant of power to the local legislative body is not constrained by any specificities as to time, form or manner in which it may be exercised. No language specifies that it must exercise this power in only one legislative act or that the legislative body has no powers of rescission or correction once an initial act is done by the local body.
The conclusion we feel is not only consistent with the legal principles set forth above, but also makes sense in terms of reasonableness and economy in governmental operations. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 193.) The interpretation pressed by the city would require the city to expend time and expense to participate in a further proceeding before PERB when the matter was correctable by speedy action of the Common Council.
A further issue which must be resolved is the interrelationship between the local legislative power granted under Civil Service Law § 209 (3) (e) and the jurisdiction granted PERB under Civil Service Law § 205 (5) (d). Rules for the construction of statutes require that where possible all parts of a *369 statute must be harmonized with each other. (McKinney’s Cons Laws of NY, Book 1, Statutes § 98.)
Involvement by PERB must be precipitated by the filing of a grievance or charge of improper practice. It is at this point that the jurisdiction of PERB is triggered. It is entirely conceivable that a potential grievance might exist for which neither side in a dispute seeks PERB involvement.
Our conclusion from this analysis is that the local legislative body may act, amend or rescind its acts under section 209 (3) (c) until such time as the jurisdiction of PERB is invoked. At that point the full jurisdiction of PERB under Civil Service Law § 205 (5) (d) is triggered and the issue must be resolved by PERB rather than legislatively.
Applying the above conclusion to the facts of our case, we note that the Common Council acted to rescind the January 14 resolution and correct the alleged error therein prior to filing of charges by the union. The Common Council acted prior to the jurisdiction of PERB being invoked and this action by the Council was therefore valid and not jurisdiction-ally defective. Although this case is now before PERB, there is no conflict because the issue before this court is clearly different from the issue before PERB. (See analysis, supra.)
Since this March 5 resolution was a valid exercise of legislative power, the Mayor and the executive branch of city government are obliged to comply with that duly enacted resolution of the Common Council.
Accordingly, the relief sought by the petitioner is granted and the relief sought by the respondent is denied.