◼ WESTCHESTER COUNTY CORRECTION OFFICERS BENEVOLENT ASSOCIATION, INC., Respondent, v COUNTY OF WESTCHESTER, Appellant. [628 NYS2d 144] —In an action for a judgment declaring the rights and obligations of the parties to a collective bargaining agreement, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Burrows, J.), entered September 14, 1993, which, *inter alia,* denied its motion for summary judgment, granted the plaintiff's cross motion for summary judgment, declared that the parties have bound themselves to be governed in their employer-employee relationship by the terms and conditions established by a fact-finder's findings and recommendations, and declared that no further action by either party is required or authorized in order to render the acceptance of each final and binding.

Ordered that the order and judgment is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, the plaintiff's cross motion for summary judgment is denied, and it is declared that the parties are not bound by the terms and conditions established by the fact-finder's findings and recommendations.

This is a declaratory judgment action involving a collective bargaining dispute between the plaintiff, which is a public employees union, and the defendant, the County of Westchester.

After an impasse had been declared in the negotiations between the parties, a fact-finder was appointed by mutual agreement to make public recommendations *(see,* Civil Service Law § 209 [3] [b]).* Subsequently, an attorney for the plaintiff,

and the Director of Labor Relations of the Westchester County Executive, accepted the recommendations of the fact-finder *(cf.,* Civil Service Law § 209 [3] [e]). The question raised in this action is whether, under the Civil Service Law, the acceptance of the fact-finder's recommendations by the Director of Labor Relations binds the defendant by dispensing with the need for approval of the agreement by the Westchester County Board of Legislators.

We disagree with the Supreme Court and conclude that the parties in this collective bargaining dispute merely reached an "agreement", as that term is defined by the Civil Service Law *(see,* Civil Service Law § 201 [12]). As such, legislative approval as to funding is required before the agreement becomes binding on the defendant, the County of Westchester *(see,* Civil Service Law § 201 [12]; *Matter of County of Niagara v Newman,* 104 AD2d 1, 3; *see also, Maiore v City of Buffalo,* 130 Misc 2d 365; *cf., Matter of Bridge & Tunnel Officers Benevolent Assn. v Ravitch,* 105 Misc 2d 924). In this regard, we disagree with the conclusion of the Supreme Court that, under the Civil Service Law, the acceptance of the fact-finder's recommendations obviated the need for legislative approval in this case *(see,* Civil Service Law § 201 [12]; § 209 [3] [d]; *see also, Matter of Hudson Val. Dist. Council of Carpenters [State of New York, Dept. of Correctional Servs.],* 152 AD2d 105, 109). Sullivan, J. P., Miller, Santucci and Altman, JJ., concur.