THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN PETRILLO, Defendant.

County Court, Kings County, July 11, 1962.

*Edward S. Silver, District Attorney (William I. Siegel* of counsel), for plaintiff. *John Petrillo,* defendant in person.

HYMAN BARSHAY, J. The defendant moves by way of *coram nobis* to vacate and set aside a judgment dated September 9, 1952, which convicted him, on his plea of guilty to robbery in the first degree, grand larceny in the second degree and assault in the second degree, and sentenced him to a term of not less than one and not more than three years to the Elmira Reception Center. The defendant claims that he appeared before the Grand Jury and at the instance of the District Attorney signed a waiver of immunity. He contends that this invalidated the indictment upon which the judgment is based because he was given immunity; that he was not advised of his right against self incrimination; that permitting him to testify in the Grand Jury was a violation of his constitutional right of self incrimination. The defendant's affidavit is silent as to whether or not at the time he appeared before the Grand Jury, he was represented by counsel.

There is on file in the District Attorney's office a letter addressed to the foreman of the May 1952 Grand Jury, which reads as follows:

"May 22nd, 1952

Foreman of May 1952, Grand Jury:

My client, John Petrillo, charged with the crime of robbery hereby requests permission to appear before this Grand Jury in connection with the charge against him, sign a waiver of immunity and testify on his own behalf.

Very truly yours,
Donato Di Palo
16 Court Street
Brooklyn, N. Y.
Attorney for John Petrillo "

On that same day, the defendant did appear before the Grand Jury and in the presence of Mr. Di Palo signed the waiver of immunity which was marked in evidence as Grand Jury Exhibit No. 2.

The constitutional privilege against self incrimination may be waived if not asserted at some proper time before the entry of judgment. This the defendant failed to do. The defendant voluntarily signed a waiver of immunity in the presence of his counsel. The application is denied.