■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KING MAXWELL, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered November 28, 1961 after a jury trial, convicting him of assault in the second degree and of carrying a dangerous weapon (as a felony) and imposing sentence. Judgment affirmed. No opinion. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY J. SWANSON, Appellant.— Appeal by defendant: (a) from a judgment of the County Court, Suffolk County, rendered February 29, 1956 after a jury trial, convicting him of attempted rape in the first degree, robbery in the second degree and assault in the second degree and imposing sentence; and (b) from a judgment of said court, rendered February 2, 1961, vacating the original sentence as to the first count of attempted rape and resentencing him upon such count *nunc pro tunc* as of February 29, 1956. Judgment of February 29, 1956, as amended by the judgment of resentence of February 2, 1961, reversed on the law and new trial ordered. The findings of fact implicit in the jury's verdict are affirmed. After defendant had been arraigned and while he was being held in custody, the District Attorney submitted a waiver of immunity to him which he voluntarily executed (Code Crim. Pro., § 250). At the time of the submission of the waiver, the District Attorney, although he knew that defendant was represented by retained counsel, nevertheless failed to notify defendant's counsel of the intended submission of the waiver to defendant. Thereafter, the defendant testified before the Grand Jury; and, at his trial, parts of that testimony, damaging to him, were received in evidence over the objection of his counsel. In our opinion, the District Attorney was not free to submit the waiver to the defendant or to examine him before the Grand Jury without prior notification to his counsel; and under the circumstances here such conduct on the part of the District Attorney was error which requires a new trial (cf. *People* v. *Gallo*, 12 N Y 2d 12; *People* v. *Meyer*, 11 N Y 2d 162; *People* v. *Waterman*, 9 N Y 2d 561; *People* v. *Di Biasi*, 7 N Y 2d 544; *People* v. *Bradshaw*, 253 App. Div. 405; *People* v. *Petrillo*, 35 Misc 2d 492). Kleinfeld, Christ, Hill and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: I do not find in the record any objection by defendant to the admission in evidence of the waiver of immunity, nor any objection to the reading of the Grand Jury minutes, except as to immaterial matters. The Grand Jury stenographer testified that there were no questions which were not excluded from his reading when objected to by defense counsel. In the absence of his objection the defendant may not raise the issue upon which the reversal is predicated by the majority (*People* v. *Gallo*, 12 N Y 2d 12). Furthermore, it does not appear that defendant was ever advised by his retained counsel not to request an appearance before the Grand Jury, as section 250 of the Code of Criminal Procedure requires, or that the defendant's request for the appearance was not with the consent of his counsel. On the record as here presented, the statement by defendant's counsel that he (counsel) was not notified about defendant's appearance before the Grand Jury is ambiguous. It may be interpreted to mean that counsel was not notified *when* defendant was to appear, and not that counsel was not notified *that* defendant was to appear.