Raymond E. Aldrich, Jr., J.
Upon a prior motion of the
defendant for an order granting the court leave to inspect the minutes of the Grand Jury, and upon such inspection for a further order dismissing the indictment upon the grounds of insufficiency of the Grand Jury evidence (CPL 210.30), this court granted the motion to inspect the Grand Jury minutes in order to use the same in the further determination of the motion to dismiss upon the ground that the evidence before the Grand Jury was not legally sufficient to establish the commission by the defendant of the offenses charged or any *919 lesser included offenses (CPL 210.20, subd 1, par [b]). Upon the examination and inspection, the court found the first count charging bribery in the second degree, a class D felony, was predicated upon legally sufficient evidence, and thus denied the motion to dismiss as to that count. However, the court found that the second count charging the crime of operating a motor vehicle while intoxicated, a felony, was not predicated upon legally sufficient evidence since the conviction of the defendant of the crime of operating a motor vehicle while in an intoxicated condition in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law within the preceding 10 years was not proven. The court did find nevertheless that the evidence was sufficient to charge the lesser included offense of operating a motor vehicle while in an intoxicated condition, as a misdemeanor, and thus, the second count was reduced to that offense.
The District Attorney now moves pursuant to CPL 210.20 (subd 4) for an order to resubmit the case to the Grand Jury and the motion is opposed by the Public Defender.
CPL 210.20 (subd 1, par [b]) provides that a superior court may dismiss any count of an indictment upon the ground that the evidence before the Grand Jury was not legally sufficient to establish the offense charged or any lesser included offense. Subdivision 4 thereof provides that upon the dismissal of a count for legally insufficient evidence, the court may in its discretion authorize the People to submit the dismissed charge to the same or another Grand Jury. CPL 210.30 (subd 1) implements CPL 210.20 (subd 1, par [b]) and likewise refers to the offense charged in a count or any lesser included offense thereunder, and these two provisions of the CPL must be read together.
The statutory authority granted to the court to authorize resubmission (CPL 210.20, subd 4) refers only to a dismissal of the indictment or a count thereunder, and does not encompass a reduction of a count to a lesser included offense. In this case the second count charging the crime of operating a motor vehicle while intoxicated, a felony, was not dismissed, but rather was reduced to the lesser included misdemeanor offense. Accordingly, the court is without authority to authorize the People to resubmit the second count to the same or another Grand Jury.
While the relief sought is unavailable to the People under CPL 210.20 (subd 4), the court notes the provisions of CPL *920 200.80 which permits superseding indictments under circumstances therein stated.
For the foregoing reasons the motion is denied.