## FOURTH DEPARTMENT, JANUARY, 1978

## (January 13, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT P. MEEGAN, JR., et al., Respondents.—Order unanimously modified by reinstating Indictments Nos. 40,288-A, 40,288-B and 40,288-C, and, as modified, affirmed. Memorandum: Defendants McParlane and Penders received immunity from the use of their statements given before the investigating unit of the police department, but not transactional immunity. As the Court of Appeals pointed out in *People v Avant* (33 NY2d 265, 272): " 'Complete immunity from prosecution may be obtained by a prospective defendant, or any witness, only by strict compliance with the procedural requirements of our immunity statutes' *(People v. Laino* [10 NY2d 161, 173])." Differentiating *Garrity v New Jersey* (385 US 493) and *Gardner v Broderick* (392 US 273), the protection from the use of any incriminatory statements was not an option available to the police officers in either of those cases. As stated in *Uniformed Sanitation Men Assn. v Commissioner of Sanitation of City of N. Y.* (426 F2d 619, 626): "Granted that under *Garrity* the threat of dismissal constitutes compulsion, such a public employee given use immunity is not required 'to be a witness against himself.' Although the choice with which he is faced may not be without pain, it is one that would confront an employee of a private company as a matter of course. In a case like this the state is asserting not its interest in the enforcement of the criminal law but its 'legitimate interest as employer.' [Citation omitted.]" Defendants McParlane and Penders made no incriminatory disclosure before the investigation unit. Rather they made self-serving declarations subsequently contradicted by other witnesses and by their own uncoerced testimony before the Grand Jury. While it was improper for the prosecutor to utilize those immunized statements with regard to the assault Indictment No. 40,288-A, the fact that they were improperly admitted into evidence will not require the dismissal of the indictment if in the absence of such evidence there was other legally sufficient evidence before the Grand Jury from which they could determine that a prima facie case had been established *(People v Avant,* 33 NY2d 265; *People v Leary,* 305 NY 793; *People v Rabinowitz,* 277 App Div 793, affd 301 NY 763). Even if the error is of constitutional magnitude, the indictment will be sustained if it is supported by other properly admitted evidence *(People v Avant, supra;* see *People v Oakley,* 28 NY2d 309). Such evidence is clearly demonstrated in the record in the testimony of Johnson, the alleged victim of the assault and the defendants' own Grand Jury testimony which places them at the scene of the incident and wherein they admitted striking Johnson. An exception to the rule noted in *Avant* requiring dismissal of an indictment returned by a Grand Jury relating to a matter concerning which a prospective defendant has given testimony would have no application here. Under CPL 190.40 automatic transactional immunity is granted to a witness who gives evidence legally required of him. However, each defendant, being under no threat of forfeiture, stated before the Grand Jury that he knowingly and voluntarily waived immunity after receiving advice from counsel. Neither made any statement qualifying or limiting such waiver. They gained no immunity, therefore, from having testified before the Grand Jury. The dismissal of the assault indictment against defendant Meegan also was not warranted in view of the evidence adduced before the Grand Jury. He admitted that he struck

Johnson with a blackjack and Johnson clearly identified him as the principal assailant who struck him repeatedly with the instrument while the officers held him. As to Indictments Nos. 40,288-B and 40,288-C charging perjury against defendants Penders and McParlane arising out of allegedly false testimony before the police investigating unit, it is clear that the exclusionary rule of *Garrity v New Jersey (supra)* does not bar the use of compelled testimony in a subsequent prosecution for perjury *(Matter of Ruskin v Detken,* 32 NY2d 293). Although the false swearing before the police commissioner's investigating unit alleged in the indictment does not constitute testimony (Penal Law, § 210.00, subd 3), and hence does not constitute perjury, first degree, CPL 210.20 (subd 1, par [b]) is authority for a superior court to dismiss an indictment only where the Grand Jury evidence does not support the offense charged or any lesser included offense *(People v Frisbie,* 40 AD2d 334). The plain language of CPL 210.20 (subd 1, par [b]) calls for an outright denial of the motion to dismiss where the Grand Jury evidence supports a lesser included offense (cf. *People v Kent,* 81 Misc 2d 918). (Appeal from order of Erie County Court—dismiss indictments.) Present—Marsh, P. J., Moule, Dillon, Denman and Witmer, JJ.