■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FREDERICK HITCHMAN, Respondent, et al., Defendant.—Appeal from an order of the County Court of St. Lawrence County, entered September 8, 1978, which dismissed the indictment against defendant Frederick Hitchman with leave to the People to resubmit the matter to the Grand Jury. On June 6, 1977, defendant Frederick Hitchman submitted a letter from his doctor to his supervisor, the county clerk. It stated: "I have advised Mr. Hitchman that

he should take one month leave of absence from work, beginning June 6, 1977. Because of his health, he should have rest." Defendant was absent from work from June 6, 1977 until June 30, 1977, for which he received sick leave pay in full. On March 14, 1978 the Grand Jury of St. Lawrence County indicted defendant and his wife, charging them with grand larceny in the third degree in violation of section 155.30 of the Penal Law. The People's theory was that defendant was not in fact sick. Evidence was presented to the Grand Jury that on May 10, 1977 he enrolled in a private school in New York City which taught electrolysis; that he signed attendance records at the school for the month of June, 1977; that he took a final examination on June 29, 1977 at the school; and that while attending classes, he received full pay from St. Lawrence County. The People accused defendant's wife of aiding and abetting her husband by misrepresenting to the county clerk her husband's whereabouts and physical condition. In support of their case before the Grand Jury, the People called defendant's doctor, who testified concerning his treatment and diagnosis of defendant. Defendant thereafter moved to dismiss the indictment. County Court held that the doctor's testimony before the Grand Jury fell within the ambit of the doctor-patient privilege, and, since defendant did not waive the privilege, the testimony was inadmissible. The court dismissed the indictment. However, pursuant to CPL 210.20 (subd 4), it authorized the People to resubmit the charges to the Grand Jury. The People thereafter moved for reargument. The court adhered to its prior decision and held that the People failed to properly instruct the Grand Jury, which itself warranted dismissal of the indictment. The People were again given leave to resubmit the matter to the Grand Jury. Upon this appeal, the People do not challenge the court's ruling regarding the sufficiency of the Grand Jury's instructions. The People contend solely that defendant waived his doctor-patient privilege by filing the physician's statement with the county clerk. We agree. CPLR 4504 (subd [a]) provides that a physician may not disclose information acquired in attending a patient in a professional capacity which was necessary to enable him to act in that capacity unless the patient waives the privilege. The privilege is applicable to criminal actions by virtue of CPL 60.10, and is applicable to proceedings before a Grand Jury (see *People v McAlpin,* 50 Misc 2d 579). Contrary to section 354 of the former Civil Practice Act, CPLR 4504 (subd [a]) does not provide that the privilege may be waived only at trial. We conclude that defendant's submission to his supervisor of the doctor's statement, executed at defendant's request and containing a diagnosis of his condition, constituted a voluntary disclosure which destroyed the privilege *(Johnson v Johnson,* 25 AD2d 672, 673). Order, entered September 8, 1978, reversed, on the law, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.