OPINION OF THE COURT
 

 Jasen, J.
 

 Once defendant has indicated an interest in having counsel assigned during a criminal proceeding, a defendant may waive such counsel in the presence of a neutral magistrate, but only where the court has first undertaken a sufficient inquiry to insure that defendant appreciates the dangers and disadvantages inherent in giving up his right to counsel.
 

 In the early hours of a cold winter’s morning, defendant, a 17-year-old male who had briefly left home on foot after a familial argument, telephoned the State Police and misrepresented that he had been involved in an automobile
 
 *583
 
 collision with a deer. Upon the arrival of State troopers and their discovery of defendant’s ploy, defendant was arrested and charged with falsely reporting an incident in the third degree (Penal Law, § 240.50, subd 1) and obstructing governmental administration (Penal Law, § 195.05). Defendant appeared in Justice Court, Town of Duanesburg, for arraignment and pleaded not guilty to both charges. A few weeks later, defendant reappeared with his mother, elected to proceed without counsel, and entered pleas of guilty to the informations. Thereafter, a probation report was prepared and the Town Justice denied youthful offender adjudication and imposed two definite sentences of imprisonment to be served consecutively, to wit: 60 days for falsely reporting an incident and 90 days for obstructing governmental administration. Defendant was committed to the custody of the Schenectady County Sheriff and began serving the sentence. Subsequently, defendant’s mother contacted her personal attorney who inquired of the Town Justice whether the court would entertain a motion to permit defendant to withdraw his previous pleas, but the court was not inclined to do so.
 

 Defendant appealed the convictions to the County Court of Schenectady County and was released on bail, as he has since remained throughout the appeals process. On the People’s request, County Court dismissed the charge for obstructing governmental administration as jurisdiction-ally defective and vacated the conviction and sentence imposed thereon. However, the court affirmed defendant’s conviction and sentence for falsely reporting an incident, rejecting each of defendant’s challenges, including the claim that waiver of counsel was ineffective. In upholding the conviction, the court held that the Town Justice, after having twice advised defendant that he was entitled to counsel and to the appointment of one if he could not afford to retain his own, was justified in permitting the defendant to forego the assistance of counsel. On that critical point we disagree.
 

 The record before us, including defendant’s affidavit of errors and the Town Justice’s return summarizing the proceeding in the trial court, reveals no colloquy between the Town Justice and the defendant sufficient to insure
 
 *584
 
 that the defendant knowingly and intelligently waived his constitutional right to counsel before pleading guilty to the charges against him.
 
 (Matter of Lawrence S.,
 
 29 NY2d 206, 208;
 
 People v Seaton,
 
 19 NY2d 404, 406; see, also,
 
 Johnson v Zerbst,
 
 304 US 458, 465;
 
 People v Gina M, M.,
 
 40 NY2d 595, 597; cf.
 
 People v Harris,
 
 61 NY2d 9, 19.) The record, although not entirely clear, indicates that on February 17, 1982, defendant initially informed the Town Justice of his interest in having counsel assigned, and that the Town Justice noted the following on the arraignment memorandum: “Court to assign attorney after consulting with ADA Callahan — if necessary. Adjourned to 3/3/82”. Subsequently, however, upon his reappearance in court on the second adjourned date (March 17,1982) and after consultation with his mother, defendant pleaded guilty in the absence of counsel, the Town Justice merely noting on the arraignment memorandum that “defendant and mother did not want attorney assigned”.
 

 As this court has previously held, a defendant may be permitted to proceed without the presence of previously retained counsel, but only after the trial court has first undertaken a sufficient inquiry to insure that the defendant appreciates the dangers and disadvantages inherent in proceeding by himself.
 
 (People v White,
 
 56 NY2d 110, 117.) Likewise, once a defendant has indicated an interest in counsel being assigned, the Trial Judge may not accept the defendant’s subsequent waiver of right to counsel and plea of guilty unless the Judge has made an adequate inquiry of the defendant to determine whether the defendant understands the risks and consequences of his actions. (Cf.
 
 People v Gina M. M., supra,
 
 at p 597; see, also,
 
 People v Kaltenbach,
 
 60 NY2d 797, 798;
 
 People v Sawyer,
 
 57 NY2d 12, 21.)
 

 So judged, we hold that the record before us does not support a finding that defendant’s waiver of counsel was effective. Nowhere do we find in the record that the Town Justice made any precautionary inquiry to insure that defendant, in waiving counsel, appreciated the value of being represented by counsel and the difficulties and pitfalls of proceeding without one. All that the record discloses is that the defendant was informed by the Town
 
 *585
 
 Justice that he was entitled to be represented by counsel and that one would be appointed if he could not afford one. More than that was required to have an effective waiver of counsel.
 

 Accordingly, the judgment of conviction, plea of guilty and sentences imposed should be vacated. The order of Schenectady County Court appealed from should be reversed, and the case remitted to the Town of Duanesburg Justice Court for further proceedings on the information which was legally sufficient. In so deciding, we need not reach defendant’s other contentions.
 

 Chief Judge Cooke and Judges Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order reversed and case remitted to the Town of Duanesburg Justice Court for further proceedings on the information.