■ SCOTT SHALES, Appellant, v DELMAR E. LEACH, Individually and as Chief of Police of the Rochester Police Department, et al., Respondents.—Judgment and order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Scott Shales, a City of Rochester police officer, was arrested and charged with bribe receiving in the second degree for his alleged acceptance of $500 from a target of a police drug investigation in return for information about that investigation. While the criminal action was pending, the Police Department's Internal Investigation Section ordered plaintiff to appear and answer questions concerning the alleged bribery. Plaintiff was advised that neither his statements nor any evidence derived therefrom would be used against him in a criminal proceeding. Upon the advice of counsel, and with the understanding that insubordination charges would result, plaintiff refused to answer any questions. After being notified that he was being charged with insubordination for refusing to answer investigators' questions, plaintiff commenced this action for declaratory and injunctive relief. Plaintiff's only claim was that the threatened disciplinary action abridged his right against self-incrimination guaranteed by the Federal Constitution. On appeal from a judgment against him, plaintiff now argues that the disciplinary proceeding violates his rights under the State Constitution and CPL article 50 because he was not granted transactional immunity.

We reject plaintiff's claims under the State Constitution and statute. By failing to raise them either in the administrative proceeding or in his complaint in this action, plaintiff has failed to preserve those claims for our review. In any event, the State and Federal constitutional protections are coextensive *(Matter of Anonymous Attorneys,* 41 NY2d 506, 509-510). Consistent with both the Federal and State Constitutions, a public servant may be compelled to respond to narrow, specific, and relevant questions concerning his official duties, and may be discharged for refusing to answer such questions,

provided that he is either granted immunity from use of his answers in a subsequent criminal proceeding or not required to waive such immunity *(Sanitation Men v Commissioner of Sanitation,* 392 US 280, 284; *People v Avant,* 33 NY2d 265, 271; *Matter of Mountain v City of Schenectady,* 100 AD2d 718, 719, *lv denied* 64 NY2d 607; *Matter of Tanico v McGuire,* 80 AD2d 297, 300; *People v Meegan,* 60 AD2d 961; *Ronayne v Lombard,* 92 Misc 2d 538, 544). The grant of immunity flows directly from the Constitution and is the automatic effect of plaintiff's being ordered to answer questions in a disciplinary setting without being required to waive immunity *(see, Uniformed Sanitation Men Assn. v Commissioner of Sanitation of City of N. Y.,* 426 F2d 619, 626-627, *cert denied* 406 US 961). It is immaterial that there is no express statutory provision conferring use immunity or that the immunity may have been granted by one without express statutory authority to bestow it *(see, Uniformed Sanitation Men Assn. v Commissioner of Sanitation of City of N. Y., supra).*

With respect to plaintiff's claim that CPL 50.20 requires the Department to grant him transactional immunity before questioning him, the departmental hearing is a civil proceeding and is thus not governed by the CPL *(see,* CPL 1.10).

Inasmuch as this is an action for declaratory judgment, the court, rather than dismissing the complaint, should have declared that plaintiff Shales' constitutional and statutory rights will not be violated if he is disciplined for his unwillingness to respond to the Police Department's inquiries *(see, Hirsch v Lindor Realty Corp.,* 63 NY2d 878, 881). (Appeal from order and judgment of Supreme Court, Monroe County, Conway, J.—summary judgment.) Present—Dillon P. J., Denman, Boomer, Pine and Schnepp, JJ.