Simons, J.
(dissenting). Defendant executed a waiver of immunity and testified before the Grand Jury investigating him, without benefit of counsel, after his right to counsel attached. That being so, I agree with the majority that defendant’s testimony must be suppressed for all purposes and the indictment dismissed (CPL 60.45 [2]; People v Samuels, 49 NY2d 218; People v Settles, 46 NY2d 154). The waiver of immunity was invalid on constitutional grounds and, therefore, defendant was entitled to the prescribed constitutional remedy — suppression and use immunity (see, People v Swanson, 18 AD2d 832; Pitler, New York Criminal Practice Under the CPL § 5.12, at 246-247 [1972]). Transactional immunity is a creature of statute, however, and inasmuch as defendant effectively executed a statutory waiver of immunity, I find no reason in law or public policy to immunize him from further prosecution for the charged crimes by granting him the relief only the statute confers. Accordingly, I would affirm the Appellate Division’s order suppressing defendant’s testimony but permitting the People to seek an indictment from another Grand Jury without using the suppressed testimony.
The parties do not dispute that defendant appeared in court on his own initiative and willingly sought to testify before the Grand Jury. He was presented to the court as a pro se defendant. If the court had inquired further to determine whether defendant’s election to proceed without counsel was knowing and intelligent, that no doubt would have been the *505 end of the matter because defendant’s desire to testify is apparent from the record (see, People v Mitchell, 61 NY2d 580; People v Sawyer, 57 NY2d 12, 21, rearg dismissed 57 NY2d 776, cert denied 459 US 1178; People v McIntyre, 36 NY2d 10, 17). Although the court knew defendant had previously been represented, and advised him of his right to counsel, it did not determine whether he wished new counsel appointed. Nevertheless, the court thoroughly explained the nature and effect of a waiver of immunity and defendant proceeded to the Grand Jury room and swore to the waiver before the Grand Jury. At that time the Assistant District Attorney advised him again of his right to assistance of counsel but defendant did not request that counsel be appointed. Based on this we are asked to rule not only that defendant’s testimony may not be used against him but that he may never be prosecuted for any crime related to matters the Grand Jury was considering because, the waiver having been executed without the advice of counsel, he automatically received transactional immunity.
The concept of immunity is derived from the constitutional right against self-incrimination. The Fifth Amendment of the Federal Constitution and article I, § 6 of the State Constitution, provide in similar language that no person shall be compelled in any criminal case to be a witness against himself. Because of these constitutional protections, the State may not compel testimony from a witness which may be used against him. In many Grand Jury investigations, however, particularly those involving official corruption and organized crime, the testimony of involved persons or potential accomplices is critical to support more serious charges against others. When that is so, the Fifth Amendment right of the witness may be protected by granting him immunity. If the protection accorded is coextensive with the witness’ constitutional right, the witness may be compelled to testify or be subject to civil contempt or imprisonment if he fails to comply. The immunity conferred thus serves the reciprocal purposes of protecting the witness’ Fifth Amendment rights and permitting the Grand Jury to receive necessary testimony from a witness who might otherwise properly refuse to testify, on constitutional grounds. Both the Supreme Court and this court have held that the witness’ constitutional rights are fully protected by use immunity, which precludes the prosecution from using his testimony against him in a subsequent criminal case (Kastigar v United States, 406 US 441, reh *506 denied, 408 US 931; Matter of Anonymous Attorneys, 41 NY2d 506, 509-510; see also, Shales v Leach, 119 AD2d 990).
New York’s present immunity statute, however, provides broader protection. Historically, immunity rights in this State were found in several different unrelated statutes which were often confusing and difficult to harmonize and attempts to apply them frequently produced unintended results. Potential defendants or involved witnesses particularly in Grand Jury investigations, frequently flouted the Grand Jury or frustrated its investigation (see generally, Staff Comments to Proposed New York Criminal Procedure Law § 95.40 [renum CPL 190.40 under current statute], at 150-153 [1967]). The Legislature solved this problem by enacting a unique immunity statute, which substantially expanded a witness’ protection beyond constitutional limits, so that such testimony could be compelled (CPL 50.10, 190.35; see also, CPL 190.40; Lefkowitz v Cunningham, 431 US 801, 809). Under the statute, a witness testifying before a Grand Jury automatically receives transactional immunity unless he executes a waiver (CPL 50.10, 190.35, 190.40). This protection prevents the People not only from using a witness’ testimony to incriminate him, but also prevents the People from prosecuting the witness on any matter related to the transaction about which he has testified (see generally, Pitler, New York Criminal Practice Under the CPL § 5.10, at 240-244 [as to use and transactional immunity generally]). The Legislature has also provided how immunity may be waived and what omissions or defects render the waiver ineffective for purposes of affording the witness the broad protection of transactional immunity (CPL 190.45). Inasmuch as the source of the immunity defendant seeks here is statutory, the validity of his waiver should be judged by statutory requirements. Defendant’s waiver of immunity was effective under these statutory provisions and because it was, he is only entitled to constitutional use immunity.
In judging the validity of the waiver, it is important to note that the statute implementing transactional immunity for Grand Jury witnesses creates three classifications of witnesses: (1) those called by the People; (2) those called by the Grand Jury itself; and (3) defendants or possible defendants (see, CPL 190.50). It provides that all Grand Jury witnesses are entitled to transactional immunity unless immunity is "effectively waived” (CPL 190.40 [emphasis added]). Defendant was not compelled to testify, of course, but willingly appeared before the Grand Jury in an attempt to exonerate himself. He *507 had no right to appear unless he executed a waiver, but once he executed the waiver, the District Attorney was required to permit him to testify (CPL 190.50 [5]). Defendant did execute a waiver and it met the statutory requirements. That the statute also permits any witness, after executing a waiver, to have counsel present in the Grand Jury room and that defendant did not get the benefit of this right is irrelevant (see, CPL 190.52). We are concerned only with the effectiveness of his waiver of immunity. His right to counsel is fully protected by suppression of his testimony.
The grounds for declaring a statutory waiver ineffective are set forth in CPL 190.45 (2), (3) and (4). Those subdivisions provide that a waiver is not valid: (a) if the witness does not swear to it before the Grand Jury (subd [2]); (b) if a witness "called by the people” is deprived of his right to counsel (subd [3]); and (c) to the extent that the witness is questioned about matters outside the scope of a limited waiver (subd [4]).
In this case, defendant executed an unlimited waiver of immunity and swore to it before the Grand Jury. More importantly, defendant was not called by the People (CPL 190.45 [3]). That being so, he was not entitled to the additional statutory right to counsel prior to executing the waiver. The Legislature conferred this right only on witnesses compelled to testify, not on target defendants who volunteer to testify (CPL 190.45 [3]). The language of the statute is specific and if the Legislature did not intend to so limit the right, it could easily have said so. By interpreting CPL 190.45 (3) otherwise, the majority has rendered its first sentence meaningless.
The legislative history supports treating witnesses compelled to appear differently from those who are targets of the investigation and appear to exonerate themselves. As the staff notes make clear, the statutory grant of transactional immunity was not intended to protect target witnesses who appear in an attempt to exculpate themselves. They come before the Grand Jury for their own purposes and presumably they do so only after carefully considering the decision with or without the advice of counsel. The statute was not changed to help them. On the contrary, one of the principal purposes behind the new statute was to make it easier to indict target witnesses, to facilitate obtaining evidence against them by providing a means to "compel testimony from the tainted or accomplice type of witness who would otherwise be able to avail himself of the self-incrimination privilege” (Staff Comments to *508 Proposed New York Criminal Procedure Law § 95-40 [renum CPL 190.40 under current statute], at 152-153 [1967]; see also, Governor’s mem to L 1970, chs 996, 997 [enacting CPL], 1970 McKinney’s Session Laws of NY, at 3140-3141).
Nor is the relief the court grants here necessary as a matter of policy. The majority contends that unless we afford defendant transactional immunity, "the voluntary target-witness [is left] without meaningful protection [and his] constitutional rights are in jeopardy” (majority opn, at 502). Their statement wholly ignores the "meaningful” and substantial protection afforded by the exclusionary rule. This court, more than most others, has been sensitive to the defendants’ right to counsel (see, e.g., People v Knapp, 57 NY2d 161; People v Bartolomeo, 53 NY2d 225; People v Skinner, 52 NY2d 24). When that right has been impaired by improper official action, we have had no difficulty finding an appropriate remedy. Thus, if a statement has been obtained from a defendant without honoring his right to counsel, the statement has been suppressed (see, e.g., People v Samuels, 49 NY2d 218, supra); if a defendant has been tried before a petit jury under circumstances violating his constitutional right to counsel or to appear pro se, a new trial has been granted (People v McDonald, 68 NY2d 1; People v Mattison, 67 NY2d 462, cert denied — US —, 107 S Ct 571; People v Macerola, 47 NY2d 257; see also, People v Sawyer, 57 NY2d 12, supra). Those remedies have been adequate in the past and the majority fails to explain why they are not adequate here.
In sum, there is no constitutional or statutory requirement that we grant transactional immunity and I can find no overriding public policy concern suggesting that we should. That being so, I see no need to go beyond the explicit language of the statute and free defendant from prosecution.
I, therefore, dissent and would affirm the order of the Appellate Division.
Chief Judge Wachtler and Judges Kaye, Alexander and Bellacosa concur with Judge Titone; Judge Simons dissents and votes to affirm in a separate opinion in which Judge Hancock, Jr., concurs.
Order insofar as appealed from reversed and order of Nassau County Court reinstated.