OPINION OF THE COURT
John V. Vaughn, J.
Defendant, charged with six counts of sodomy, third degree, two counts of endangering the welfare of a child, and one count of reckless endangerment, first degree, moves to dismiss *765 the indictment upon the ground that the evidence before the Grand Jury was legally insufficient to support the charges in the indictment, and for other items of relief.
Under the law, a Grand Jury may indict only when the evidence before it establishes (1) all the elements of the crime; and (2) reasonable cause to believe the accused committed the crime (CPL 190.65 [1]). The first requirement is met when the People establish a "prima facie case”, i.e., when the evidence, viewed in the light most favorable to the People, would warrant conviction by a petit jury (People v Pelchat, 62 NY2d 97, 105; People v Jennings, 69 NY2d 103). On this motion, the power of the court is limited to an inquiry as to the legal sufficiency of the evidence, i.e., a "prima facie case”, as the statute has placed the determination of the second requirement concerning the adequacy of the proof to establish reasonable cause exclusively within the province of the Grand Jury (People v Jennings, supra, at 115).
The defendant predicates his application in part upon the ground that his medical records disclosing his AIDS (Acquired Immune Deficiency Syndrome) were improperly introduced and considered by the Grand Jury on the issues of recklessness and depravity under the charge of reckless endangerment, first degree (Penal Law § 120.25). The People maintain that the medical records were properly introduced because the physician-patient privilege, if it existed, had been waived, and that legal enactments in the area of child abuse mandate an exception to the privilege in this instance. The court notes that the date on the medical records disclosing defendant’s knowledge of his AIDS condition occurred after many of the acts in the indictment, and, thus, would have little relevance on the defendant’s knowledge of his condition.
The rules of evidence apply to proceedings before the Grand Jury (CPL 190.30, 60.30). In the absence of a waiver, or other statutory exception, it is improper to admit the medical records of a defendant before a Grand Jury (Matter of Grand Jury Investigation, 59 NY2d 130; Matter of Investigation into Alleged Commission of Criminal Abortions in County of Kings, 286 App Div 270). Unlike its predecessor, the present statute does not limit a waiver to one made in open court (CPLR 4504; Lynch v Mutual Life Ins. Co., 55 Misc 2d 179; 5 Weinstein-Korn-Miller, NY Prac ¶ 4504.14).
It has been held that disclosure to a third person constitutes a waiver since once the condition has been publicly disclosed, *766 there is no longer any reason for the privilege (People v Hitchman, 70 AD2d 695). Here, there was evidence before the Grand Jury of the defendant’s disclosure of his condition to a number of persons prior to his engagement in the acts of deviate sexual intercourse.
Whatever limits there are to a lay witness’s capacity to state the existence or character of internal diseases (Matter of Williams v Buffalo Gen. Hosp., 28 AD2d 777; Rawls v American Mut. Life Ins. Co., 27 NY 282), a different situation is presented where the issue is whether a party knew or should have known of a particular condition of himself involving medical facts (see, People v Eckert, 2 NY2d 126 [operation of automobile — epileptic], overruled on other grounds People v Jennings 69 NY2d 103, supra; cf., People v Decina, 2 NY2d 133).
In this case, there was evidence before the Grand Jury that the defendant, knowing he had AIDS, engaged in deviate sexual intercourse with a youth when he also knew such conduct was a means of transmission of the AIDS virus. Therefore, there was sufficient evidence to support a prima facie case of the counts charged, or lesser included offenses thereof.
Defendant’s additional claim that the introduction of the commercially available videotapes without a prior judicial determination of their obscenity was prejudicial is without merit. There was no evidence that these tapes were commercially available, and there is no issue at this time of any unlawful search and seizure. Generally, so long as there is additional legally sufficient competent evidence to support the charge, the introduction of nonadmissible evidence does not affect the validity of the indictment (People v Meegan, 60 AD2d 961; People v Elmhurst Milk & Cream Co., 116 Misc 2d 140). Moreover, the court has examined the tapes and finds that the Grand Jury might consider their contents on the charge of endangering the welfare of a minor (see, People v Egan, 103 AD2d 940).
Therefore, the court finds the evidence sufficient to support the charges in the indictment, or lesser included offenses thereof. In doing so, the court did not find it necessary to disclose any portion of the Grand Jury minutes to the defense.
The defendant has not produced any facts other than the above in support of his request for a dismissal of the indictment in the interest of justice (CPL 210.40).
*767 Accordingly, the application to dismiss the indictment is denied.
In reaching this determination, the court has considered defendant’s notice of motion, supporting affirmation and exhibit, the People’s affidavit in opposition, and the Grand Jury minutes and exhibits. This decision shall constitute the order of the court and no further order need be submitted. The case is on the Trial Calendar for February 18, 1988.