OPINION OF THE COURT
Larry M. Himelein, J.
*642 Defendant was convicted of misdemeanor driving while intoxicated (DWI) in the Ellicottville Town Court on March 12, 2003, based upon her plea of guilty. Having now been charged with felony DWI, defendant moved in Town Court to set aside the underlying conviction. Town Court denied the motion and this court granted a certificate pursuant to CPL 460.15 authorizing a discretionary appeal to County Court.
Defendant contends that Town Court’s return, which presumably includes the entire file, fails to establish that the court conducted a sufficient plea colloquy (see People v Harris, 61 NY2d 9 [1983]). In Harris, the Court of Appeals addressed the pleading requirements necessary to enhance a defendant’s sentence upon conviction of a subsequent felony. The Court attempted to strike a balance by not requiring a “uniform mandatory catechism” for a plea but also not presuming a waiver of constitutional rights from a silent record (at 16).
This court does not believe that the scrutiny applied to a plea in a court of record can be applied to a nonrecord court. For example, in the hundreds of justice courts in this state, most of which do not have court reporters, any defendant could later claim that he made no factual allocution. How could such a claim ever be proven or refuted? Accordingly, what might establish that a plea was entered “knowingly, voluntarily and intelligently” in a justice court might not necessarily meet that standard in a court of record.
A helpful practice is the use of docket sheets by some local criminal courts. These reflect the different rights that were given to the defendant and the defendant’s responses to questions about counsel, adjournments and the like. Why they are not used in the Ellicottville Town Court is unknown but it would certainly have been helpful.
Nonetheless, this court believes that the plea in Town Court satisfies the constitutional requirements. First, defendant was arrested on January 21, 2003 and did not plead guilty until March 12, 2003. Defendant was not forced to proceed while still intoxicated, but instead was given ample opportunity to consider her options.
Next, defendant signed a “memorandum of plea agreement” whereby defendant pleaded guilty to the DWI to cover all charges. The memorandum recites a blood alcohol content of .29%; that a plea of guilty was the same as being found guilty after trial; and that the plea waived defendant’s right to a jury or bench trial or to examine witnesses. The plea agreement was also signed by an Assistant District Attorney.
*643 Further, Town Court’s return, finally sent to this court after several requests, indicates that defendant appeared in court with a friend, was advised of her right to have an attorney present, and was informed of the consequences of a guilty plea. While Town Court should have been more specific about what “consequences” defendant was advised of, the proceedings taken in their entirety lead this court to conclude that the plea was knowingly and voluntarily made.
Defendant’s citation to People v Mitchell (61 NY2d 580 [1984]) is misplaced. In Mitchell, the 17-year-old defendant had requested counsel at his arraignment. A few weeks later, the defendant pleaded guilty without counsel. The Court of Appeals simply held that on those facts, the Town Justice had not done enough to ensure that defendant’s waiver of counsel, made after he had requested counsel, was knowing and voluntary. Here, defendant never requested counsel and signed the plea agreement waiving her right to counsel.
The court also disagrees with the People’s citation to People v Angelakos (70 NY2d 670 [1987]) as authority for the proposition that defendant should have raised her claim in a direct appeal. The general rule is that to preserve a challenge to the factual sufficiency of a plea, there must either be a motion to withdraw the plea pursuant to CPL 220.60 (3) or a motion to vacate the conviction pursuant to CPL 440.10 (People v Lopez, 71 NY2d 662 [1988]; People v Larry B., 277 AD2d 989 [4th Dept 2000]; People v Thoreck, 303 AD2d 982 [4th Dept 2003]).
Accordingly, it is hereby ordered that the order of the Ellicottville Town Court denying defendant’s motion to vacate the conviction of DWI, entered on or about March 12, 2003, is in all respects affirmed.